1   JOHN S. BATTENFELD (SBN 119513)
    e-mail: jbattenfeld@morganlewis.com
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue, 22nd Floor
3   Los Angeles, CA 90071
    T: 213.612.2500 / F: 213.612.2501
4
5   S. SEAN KUNDU (SBN 252410)
    e-mail: skundu@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
6   5 Park Plaza, Suite 1750
    Irvine, CA  92614
7   T: 949.399.7000 / F:  949.399.7001

8   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.
9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12  | MARY LOEZA and ANGIE REVELES, an | Case No. '13CV0095 L      BGS |
    | individual, on behalf of themselves, and | |
13  | behalf of all others similarly situated, | **DEFENDANT JPMORGAN CHASE** |
    | | **BANK, N.A.'S NOTICE OF REMOVAL** |
14  | Plaintiffs, | **TO THE UNITED STATES DISTRICT** |
    | | **COURT FOR THE SOUTHERN** |
15  | vs. | **DISTRICT OF CALIFORNIA** |
16  | JP MORGAN CHASE BANK NA, an | [28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441, |
    | unknown business entity, and DOES 1 | 1446, and 1453] |
17  | through 100, Inclusive, | |
18  | Defendants. | Complaint Filed:   December 11, 2012 |
    | | Trial Date:        None Set |

19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

                                    DEFENDANT'S NOTICE OF REMOVAL

**TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF THE COMPLAINT ............................................................. 1

II.    THE REMOVAL IS TIMELY ................................................................... 2

III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION ....................... 2

       A.    There is Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331 .................. 3

       B.    This Court Should Exercise Supplemental Jurisdiction Over the State
             Claims .............................................................................................. 3

       C.    This Court Has Original Subject Matter Jurisdiction Under CAFA ...................... 5

             1.    Diversity Of Citizenship Exists ................................................... 5

       D.    The Amount-In-Controversy Requirement Is Satisfied ........................... 6

             1. Information Relevant To Amounts At Issue ..................................... 7

             2.    Plaintiffs' Eighth Cause Of Action For Waiting-Time Penalties
                   Places Over $2,000,000 In Controversy ..................................... 8

             3.    Plaintiffs' Second Cause Of Action For Failure To Pay Overtime
                   Places Over $2,000,000 In Controversy ..................................... 9

             4.    Plaintiffs' Third Cause Of Action For Failure To Provide Meal
                   Periods Or Their Fourth Cause of Action For Failure to Provide
                   Rest Periods Places Over $1,400,000 In Controversy ...................... 10

             5.    The Complaint Also Seeks Recovery Of Attorneys' Fees And Other
                   Damages ............................................................................. 10

             6.    The Amount in Controversy Is Satisfied for Diversity Jurisdiction
                   Purposes ............................................................................ 11

IV.    VENUE ......................................................................................... 11

V.     NOTICE ........................................................................................ 11

VI.    CONCLUSION ................................................................................ 12

DEFENDANT'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrego Abrego v. Dow Chemical Co.,*
 443 F.3d 676 (9th Cir.2006)..................................................................................7

*Armstrong v. Church of Scientology Int'l,*
 243 F.3d 546 (9th Cir. 2000).................................................................................5

*Baer v. First Options of Chicago, Inc.,*
 72 F.3d 1294 (7th Cir. 1995).................................................................................4

*Boon v. Allstate Ins. Co.,*
 229 F. Supp. 2d 1016 (C.D. Cal. 2002)................................................................5

*Breuer v. Jim's Concrete of Brevard, Inc.,*
 538 U.S. 691 (2003)...............................................................................................3

*Caterpillar, Inc. v. Williams,*
 482 U.S. 386 (1987)...............................................................................................3

*Ethridge v. Harbor House Rest.,*
 861 F.2d 1389 (9th Cir. 1988)...............................................................................3

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,*
 463 U.S. 1 (1983)...................................................................................................3

*Guglielmino v. McKee Foods Corp.,*
 506 F.3d 696 (9th Cir. 2007)...............................................................................10

*In re Quintus Sec. Litig.,*
 148 F. Supp. 2d 967 (N.D. Cal. 2001) ................................................................10

*Kanter v. Warner-Lambert Co.,*
 265 F.3d 853 (9th Cir. 2001).................................................................................5

*Korn v. Polo Ralph Lauren Corp.,*
 536 F. Supp. 2d 1199 (E.D. Cal 2008)..................................................................7

*Lew v. Moss,*
 797 F.2d 747 (9th Cir. 1986).................................................................................6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
 526 U.S. 344 (1999)...............................................................................................2

*Newcombe v. Adolf Coors Co.,*
 157 F.3d 686 (9th Cir. 1998).................................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

*Rippee v. Boston Market Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) ................................................................ 7

*Rivera v. Rivera*,
    2011 WL 1878015 (N.D.Cal. May 17, 2011) ..................................................... 5

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir.1996)............................................................................... 7

*Sanchez v. Wal-Mart Stores, Inc.*,
    No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706 (E.D. Cal. May 8, 2007) ................. 10

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l*
    *Union, AFL-CIO, CLC v. Shell Oil Co.*,
    602 F.3d 1087 (9th Cir. 2010)........................................................................... 5

*Valencia v. Del Rio West Pallet Co. Inc.*,
    2009 WL 2407400 (E.D.Cal. Aug. 4, 2009) ..................................................... 3

*Wachovia Bank, NA v. Schmidt*,
    546 U.S. 303 (2006) ......................................................................................... 6

**STATUTES**

28 U.S.C. § 1331 ..................................................................................... 1, 2, 3

28 U.S.C. § 1332 ............................................................................................. 6

28 U.S.C. § 1332(d) ..................................................................................... 1, 2

28 U.S.C. § 1332(d)(1)(B) ............................................................................. 2

28 U.S.C. § 1332(d)(2) ................................................................................... 5

28 U.S.C. § 1332(d)(6) ................................................................................... 6

28 U.S.C. § 1348 ............................................................................................. 6

28 U.S.C. § 1367(a) .............................................................................. 1, 2, 3, 5

28 U.S.C. § 1441 ................................................................................... 1, 3, 5

28 U.S.C. § 1441(a) .................................................................................. 6, 11

28 U.S.C. § 1446 ................................................................................... 1, 3, 5

28 U.S.C. § 1446(b) ....................................................................................... 2

28 U.S.C. § 1446(d) ..................................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

28 U.S.C. § 1453 ................................................................................................. 1, 2, 5

29 U.S.C. § 206, 207 ................................................................................................. 2

29 U.S.C. § 207 ........................................................................................................ 2

CAFA .................................................................................................... 1, 5, 6, 7, 11

California Business & Professions Code §§ 17200, *et seq.* ................................. 2, 4

California Labor Code § 201 ............................................................................... 4, 8, 9

California Labor Code § 202 ............................................................................... 4, 8, 9

California Labor Code § 203 ............................................................................... 4, 8, 9

California Labor Code § 204 .................................................................................... 4

California Labor Code § 226.7 ................................................................................. 4

California Labor Code § 226(e) ............................................................................... 11

California Labor Code § 226 .................................................................................... 4

California Labor Code § 512 .................................................................................... 4

California Labor Code §§ 2698, *et seq.* . ................................................................ 2

California Labor Code § 2699 ................................................................................. 11

California Labor Code §§ 2800-2802, *et seq.* .......................................................... 4

California Labor Code § 2802 ................................................................................. 11

California Labor Code §§ 17200, *et seq.* Ex. ......................................................... 11

California's Private Attorney Generals Act, Labor Code §§ 2698, *et seq.* ................. 4

**OTHER AUTHORITIES**

Senate Judiciary Report, S. REP. 109-14 ................................................................. 6

Article III of the United States Constitution ............................................................ 4

1    **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR**

2    **THE SOUTHERN DISTRICT OF CALIFORNIA:**

3           PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441,

4    1446, and 1453, JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") hereby removes the

5    above-entitled action from the Superior Court of the State of California, County of San Diego, to

6    the United States District Court for the Southern District of California.  This Court has original

7    subject matter jurisdiction based upon federal question jurisdiction, pursuant to 28 U.S.C. § 1331,

8    and supplemental jurisdiction over Plaintiffs' state claims under 28 U.S.C. § 1367(a), because

9    they form part of the same case or controversy as the claim over which this Court would have

10   original jurisdiction.  In addition, the Court has original subject matter jurisdiction under the

11   Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum

12   diversity exists and the amount in controversy exceeds $5 million.  Accordingly, removal is based

13   on the following grounds:

14   **I.    SUMMARY OF THE COMPLAINT**

15          This lawsuit is a civil action within the meaning of the Acts of Congress relating to

16   removal of causes.  *See* 28 U.S.C. § 1453.

17          On or about December 11, 2012, Plaintiffs Mary Loeza and Angie Reveles (collectively,

18   "Plaintiffs") filed a class action complaint for damages in the Superior Court for the State of

19   California in and for the County of San Diego entitled *Mary Loeza, et al. v. JP Morgan Chase,*

20   *N.A., and Does 1 through 100, Inclusive*, Case No. 37-2012-00087455-CU-BT-CTL (the

21   "Complaint").  *See* Ex. A.  Plaintiffs served a copy of their Summons and Complaint on

22   Defendant's registered agent on December 14, 2012.  *Id.*

23          Plaintiffs seek to represent "[a]ll persons who were employed as Loan Mitigation

24   Modification Underwriters, by Defendants in California and were so employed during the period

25   of time covered by the statute of limitations applicable to the particular cause of action[,]" as well

26   as eight alleged subclasses.  *See* Ex. A, Compl. ¶¶ 16-24.  As such, this matter is a class action as

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

1                                                    DEFENDANT'S NOTICE OF REMOVAL

1  that term is defined under 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

2       The Complaint alleges claims for failure to pay overtime compensation under both the

3  Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and the California Labor Code,

4  failure to provide meal and rest periods, failure to provide proper itemized wage statements,

5  failure to pay wages twice monthly, failure to reimburse business expenses, failure to pay wages

6  upon termination, and purported violations of California's Unfair Competition Law ("UCL"),

7  California Business & Professions Code §§ 17200, *et seq.*, and seeks penalties under the

8  California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698,

9  *et seq*. Ex. A, Compl. ¶¶ 40-124.  Plaintiffs seek to recover allegedly unpaid wages,

10  unreimbursed business expenses, various penalties, and liquidated damages under the FLSA and

11  attorneys' fees. *See Id.*, ¶ 47 and Prayer.  In connection with their UCL claim, Plaintiffs seek

12  restitution and injunctive relief. *Id.*

13  **II.**    **THE REMOVAL IS TIMELY**

14       Chase has timely removed this action within thirty days of service.  Plaintiffs served

15  Chase's agent for service of process in California with the Complaint on December 14, 2012.  Ex.

16  A., Summons.  Because this Notice of Removal is filed within thirty days of service of the

17  Complaint on Chase, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v.*

18  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has

19  been filed or made with this Court for the relief sought herein.

20  **III.**    **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

21       This action could have been originally filed in this Court under 28 U.S.C. § 1331 because

22  it includes a claim arising under the laws of the United States, i.e., the FLSA, and the Court has

23  supplemental jurisdiction over Plaintiffs' state claims under 28 U.S.C. § 1367(a), because they

24  form part of the same case or controversy as the claim over which this Court would have original

25  jurisdiction.  Alternatively, this action could have been originally filed in this Court under 28

26

27  [1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action.  Defendant further does not

28  concede that Plaintiffs' allegations constitute any cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

2        DEFENDANT'S NOTICE OF REMOVAL

1  U.S.C. § 1332(d) because it was brought as a class action, complete diversity of citizenship exists

2  between Chase and one or more members of the class, and the amount in controversy exceeds, in

3  the aggregate, $5,000,000, exclusive of interest and costs.  Removal is therefore proper pursuant

4  to 28 U.S.C. §§ 1441, 1446, and 1453.

5  **A.     There is Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

6        Federal question jurisdiction exists under 28 U.S.C. § 1331 where the complaint asserts a

7  claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331;

8  *see also Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393-94 (9th Cir. 1988).  "When a

9  plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case

10 'arises under' federal law and therefore may be removed to federal court."  *Ethridge*, 861 F.2d at

11 1394 (*quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).

12 "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded'

13 complaint rule, which provides that federal jurisdiction exists when a federal question is

14 presented on the face of the plaintiff's properly pleaded complaint."  *Id.* at 1394 (*quoting*

15 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-392 (1987)).

16       Here, Plaintiffs' First Cause of Action alleges overtime violations under the FLSA, a

17 federal statute, as to Plaintiffs and alleged members of the "FLSA CLASS."  Compl. ¶¶ 40-47.

18 This cause of action provides a basis for removal based on federal question jurisdiction.  *See*

19 *Valencia v. Del Rio West Pallet Co. Inc.*, 2009 WL 2407400, 1 (E.D.Cal. Aug. 4, 2009)

20 ("Because plaintiffs have clearly presented a federal question on the face of their complaint,

21 namely whether defendants violated the strictures of the FLSA thus entitling plaintiffs to the

22 remedies thereunder, the court properly has subject matter jurisdiction over this action."); *see also*

23 *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693-694 (2003) (claims for alleged

24 violations of the FLSA provide basis for federal question jurisdiction on removal).  Plaintiffs'

25 Complaint, therefore, constitutes a civil action arising under the laws of the United States, over

26 which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

27 **B.     This Court Should Exercise Supplemental Jurisdiction Over the State Claims**

28       Under 28 U.S.C. § 1367(a), the exercise of supplemental jurisdiction over state law claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1   is proper where those claims "form part of the same case or controversy under Article III of the

2   United States Constitution" as federal question claims over which this Court has original

3   jurisdiction. "The statute extends the jurisdiction of the federal district court to all claims

4   sufficiently related to the claim on which its original jurisdiction is based to be part of the same

5   case or controversy within the meaning of Article III of the Constitution ... A loose factual

6   connection between the claims is generally sufficient." *Baer v. First Options of Chicago, Inc.*, 72

7   F.3d 1294, 1299 (7th Cir. 1995).

8          In this case, all of Plaintiffs' claims are closely related to, and inseparable from, one

9   another because they all arise out of the same alleged misconduct – Defendant's alleged failure to

10  pay Plaintiffs and the putative class members all wages owed.  Plaintiffs' Second Cause of Action

11  pleads that Chase allegedly failed to pay them and other similarly situated employees overtime

12  wages owed as required by the California Labor Code and IWC Wage Order, the state law analog

13  to Plaintiffs' FLSA claim.  *See* Ex. A, Compl. ¶ 59.  Plaintiffs' Third and Fourth Causes of

14  Action for the alleged failure to provide them and other similarly situated employees with meal

15  periods and rest periods in violation of California Labor Code § 226.7 and 512 similarly seeks

16  unpaid meal and rest period compensation in the form of additional wages.  *See id.* at ¶¶ 70, 82.

17  Plaintiffs' Fifth Cause of Action for Chase's alleged failure to provide adequate pay stubs in

18  violation of California Labor Code § 226 and Sixth Cause of Action for alleged failure to pay

19  Plaintiffs and other similarly situated employees their wages twice monthly in violation of

20  California Labor Code § 204 are derivative of their overtime and other wage claims.  *See id.* at ¶¶

21  94, 99.  The Seventh Cause of Action alleges that Chase failed to reimburse Plaintiffs and other

22  similarly situated employees for business expenses pursuant to California Labor Code §§ 2800-

23  2802, *et seq.* – this is also a claim for money allegedly owed to Plaintiffs and the putative class as

24  a result of their employment.  Plaintiffs' Eighth, Ninth and Tenth Causes of Action for failing to

25  pay all wages upon termination in violation of California Labor Code §§ 201-203, unfair

26  competition in violation of California Business and Professions Code §§ 17200, *et seq.*, and for

27  alleged penalties under California's Private Attorney Generals Act, Labor Code §§ 2698, *et seq.*,

28  respectively, are based in whole or in part on Plaintiffs' overtime claims.  *See id.* at ¶¶ 109, 113,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

120.  Because the basis of each of these state law claims arise essentially out of the same nucleus of operative facts as Plaintiffs' federal law claim, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).  *See Rivera v. Rivera*, 2011 WL 1878015, 2 (N.D.Cal. May 17, 2011) (held that supplemental jurisdiction existed over plaintiffs' California Labor Code overtime, meal and rest break, and wage statement claims and California UCL claim based on the court's federal question jurisdiction over plaintiffs' FLSA overtime claim).

## C.    This Court Has Original Subject Matter Jurisdiction Under CAFA

This Court also has original subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and one or more defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiffs' Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.  Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### 1.    Diversity Of Citizenship Exists.

In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### a.    Plaintiffs Are Citizens Of California.

"An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

5

DEFENDANT'S NOTICE OF REMOVAL

1   *of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750

2   (9th Cir. 1986)).  Plaintiffs' Complaint alleges that they "were at all relevant times" and "[a]re

3   residents of County of San Diego, State of California[.]" Ex. A, Compl. ¶ 6a.  Plaintiffs also

4   allege that they were employed "within California and San Diego County." Ex. A, Compl. ¶ 9.

5   Plaintiffs, therefore, are citizens of California for purposes of diversity jurisdiction.

6                    b.      Defendant Is Not A Citizen Of California.

7          JPMorgan Chase Bank, N.A. is, and at all pertinent times was, a federally chartered

8   national bank with Columbus, Ohio designated in its articles of association as the locus of its

9   main office. *See* Ex. C, Articles of Association for JPMorgan Chase Bank (As Amended June 30,

10  2008).  Pursuant to 28 U.S.C. §§ 1332 and 1348, and the United States Supreme Court's decision

11  in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is

12  "located," for diversity jurisdiction purposes, in the state designated in its articles of association

13  as the locus of its main office), JPMorgan Chase Bank, N.A. is "located," for diversity purposes,

14  in Columbus, Ohio, making it diverse from Plaintiffs.

15         Although Plaintiffs have named 100 fictitiously named "Doe" defendants, the citizenship

16  of these "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(a);

17  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the

18  citizenship of defendants sued under fictitious names shall be disregarded).

19         Accordingly, none of the defendants is a citizen of California, and complete diversity of

20  citizenship exists.

21       **D.      The Amount-In-Controversy Requirement Is Satisfied.**

22         Pursuant to CAFA, the claims of the individual members in a class action are aggregated to

23  determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of

24  interest and costs. *See* 28 U.S.C. § 1332(d)(6).

25         In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the

26  value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or

27  the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

28  injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Where, as here, plaintiffs do not expressly plead a specific amount of damages, a defendant need only make a *prima facie* showing that it is more likely than not that the amount in controversy exceeds $5 million. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir.2006) (the Ninth Circuit applied the preponderance holding in *Sanchez* to complaints filed under CAFA that do not specify a particular amount in controversy). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. at 1204-05. In cases where statutory penalties are sought, "district courts in the Southern District of California … have looked to the statutory maximum … in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205.

While Defendant denies Plaintiffs' factual allegations and denies that they or the putative class that they purport to represent is entitled to the relief for which they have prayed,[2] it is clear that, when the maximum potential values of the claims of Plaintiffs and the putative class members are aggregated, the allegations within Plaintiffs' Complaint "more likely than not" put into controversy an amount in excess of $5 million.

      **1.**    **Information Relevant To Amounts At Issue.**

Plaintiffs define the class period for all of the causes of action as "four (4) years preceding

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendant's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiffs' claims is without merit and that Defendant is not liable to Plaintiffs. Defendant specifically denies that Plaintiffs have suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

7

DEFENDANT'S NOTICE OF REMOVAL

1   the filing of this Complaint…" *See* Ex. A, Compl., ¶¶ 17-24. Because this action was originally

2   filed on December 11, 2012, the class period sought by Plaintiffs for the entire action is from

3   December 11, 2008 through the present.

4       The position of Loss Mitigation Modification Underwriter, however, was created on

5   February 1, 2010. *See* Ex. B, Declaration of Rohan Fernandes ("Fernandes Decl."), ¶ 3.

6   Accordingly, from February 1, 2010 through January 8, 2013, Defendant has employed

7   approximately 832 individuals in the position of Loss Mitigation Modification Underwriter in

8   California. *Id.* Of these employees, 393 are former employees. *Id.* Between February 1, 2010

9   and January 8, 2013, the 832 putative class members were employed a total of approximately

10  66,704 weeks in that position. *Id.* at ¶ 4. Between December 11, 2011 through January 8, 2013[3],

11  there were approximately 501 employees individuals in the position of Loss Mitigation

12  Modification Underwriter in California who were employed a total of approximately 18,509

13  weeks in that position. *Id.*

14      The average hourly wage for the 832 Loss Mitigation Modification Underwriters during

15  the alleged class period is approximately $21.50, and they are paid on a bi-weekly basis, for a

16  total of 26 pay periods per year. *Id.* at ¶¶ 5-6.

17        **2.    Plaintiffs' Eighth Cause Of Action For Waiting-Time Penalties Places Over $2,000,000 In Controversy.**

18

19      In their Eighth Cause of Action, Plaintiffs seek statutory waiting-time penalties against

20  Defendant for allegedly failing to timely pay all wages due following termination, as required by

21  Labor Code Sections 201 through 203. Ex. A, Compl. ¶¶ 106-111. Specifically, Plaintiffs'

22  Complaint alleges that "PLAINTIFFS and many of the PLAINTIFF CLASSES quit or were

23  discharged from their employment with Defendants within the applicable statute of limitations.

24  [¶] However, Defendants failed to pay them without abatement, all wages as defined by

25  applicable California law. … [¶] Therefore, each of these employees is entitled to one day's

26  wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty

27  (30) days' wages for each employee. Because none of the employees were ever paid the

28  [3] There is a one-year statute of limitation for the purpose of calculating wage statement penalties.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

overtime, straight time, PTO and/or premium wages to which they were entitled, referred to in this Complaint, *each of the employees is entitled to thirty (30) days of wages.*" Ex. A., Compl. ¶¶ 108-110.  (emphasis added.)

During the relevant period, approximately 393 of the putative class members ceased employment with Defendant.  Ex. B, Fernandes Decl., ¶ 3.  The amount of waiting time penalties at issue per former employee per day is allegedly $172.00 ($21.50 * 8 hours = $172.00).  For purposes of calculating Labor Code Section 203 penalties, therefore, the amount at issue for each former employee on average is $5,160.00 ($172.00 * 30 days = $5,160.00).  Accordingly, Plaintiffs' claim against Defendant for waiting time penalties under California Labor Code Sections 201, 202 and 203 places at issue approximately **$2,027,880** (393 formerly employed putative class members * $5,160.00 = $2,027,880.00).

### 3. Plaintiffs' Second Cause Of Action For Failure To Pay Overtime Places Over $2,000,000 In Controversy.

In support of their overtime claim, Plaintiffs allege that both they and the putative class "*regularly* worked more than 40 hours in a workweek and were told to 'bank time' or work 'off the clock' in order to meet sales goals[,]" (Ex. A, Compl. 2:13-15) and that they "worked more than eight (8) hours *in any given day* and/or more than forty (40) hours *in any given week*, worked off the clock … and were not paid overtime compensation …" *Id.* at 3:17-19.  (emphasis added.) Plaintiffs further plead that their "claims are typical of the claims of the Class Members." *Id.* at 9:6-7.

During the relevant time period, Defendant employed 832 putative class members who were employed approximately 66,704 weeks in the position of Loss Mitigation Modification Underwriter.  *See* Ex. B, Fernandes Decl., ¶ 3.  Based on the average hourly wage of $21.50, the average hourly overtime rate would be $32.25.  If Plaintiffs and the putative class members are only claiming one hour of overtime per week, the amount in controversy for Plaintiffs' Second Cause of Action exceeds **$2,000,000** [$32.25 * 1 hour/week * 66,704 weeks  = $2,151,204.00].

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

9

DEFENDANT'S NOTICE OF REMOVAL

4.    **Plaintiffs' Third Cause Of Action For Failure To Provide Meal Periods Or Their Fourth Cause of Action For Failure to Provide Rest Periods Places Over $1,400,000 In Controversy.**

Plaintiffs' pleads that Defendant failed to provide Plaintiffs or the putative class meal or rest periods "[a]t all relevant times[,]" indicating that they are claiming they were never properly provided with their meal or rest periods. *See* Ex. A, Compl. ¶¶ 73, 85. Plaintiffs further allege that "if an employer fails to provide an employee meal periods [or rest periods] in accordance with [California law], the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." *See* Ex. A, Compl. ¶¶ 70, 82.

As discussed above, Defendant employed 832 putative class members in the position of Loss Mitigation Modification Underwriter for approximately 66,704 weeks during the relevant time period. *See* Ex. B, Fernandes Decl., ¶ 3. The average hourly wage of these employees is $21.50. Here, if there was one meal period *or* one rest period violation per employee per week, on average, the amount in controversy would exceed **$1,400,000** ($21.50, one hour of pay * one meal *or* rest period violation/week * 66,704 weeks = $1,434,136.00).

5.    **The Complaint Also Seeks Recovery Of Attorneys' Fees And Other Damages**

Plaintiffs also seek attorneys' fees. Ex. A, Prayer. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").

Although Chase denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25 percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). The amount in controversy based on Plaintiffs' Second, Third (or Fourth), and Eighth Causes of Action is over $5,600,000 ($2,027,880 + $2,151,204 + $1,434,136 = $5,613,220). An award of such attorneys' fees would increase the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

10

DEFENDANT'S NOTICE OF REMOVAL

amount in controversy by **$1,403,305** (25 percent of $5,612,747). Thus, adding these statutory attorneys' fees further increases Plaintiffs' alleged amount in controversy in excess of $5 million.

In addition, Plaintiffs also seek the recovery for themselves and certain putative class members for wage statement penalties under California Labor Code § 226(e); the reimbursement of business expenditures under California Labor Code § 2802; civil penalties under California Labor Code § 2699; and injunctive relief under California Labor Code §§ 17200, *et seq.* Ex. A, Prayer. These claims further increase the amount of damages sought by Plaintiffs in this action.

### 6.   The Amount in Controversy Is Satisfied for Diversity Jurisdiction Purposes.

Thus, although Chase denies Plaintiffs' allegations and denies that he or the putative class members whom they purport to represent are entitled to any relief, based on Plaintiffs' allegations, as pleaded in their Complaint, the amount in controversy exceeds the $5 million threshold set forth under CAFA. Because there is diversity between the parties and the amount in controversy threshold has been satisfied in this Action, this Court has original subject matter jurisdiction to hear this dispute.

## IV.   VENUE

This action was originally filed in the Superior Court for the County of San Diego. Venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.   NOTICE

Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

True and correct copies of Plaintiffs' original Complaint, Civil Case Cover Sheet, and Summons are attached hereto as Exhibit A.

A true and correct copy of the Declaration of Rohan Fernandes in support of removal is attached hereto as Exhibit B.

A true and correct copy of the Articles of Association for JPMorgan Chase Bank, National

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72769350.3

11                    DEFENDANT'S NOTICE OF REMOVAL

1   Association (as Amended June 30, 2008) is attached hereto as Exhibit C.

2          A true and correct copy of Chase's Answer, filed in the San Diego County Superior Court

3   on January 11, 2013, is attached hereto as Exhibit D.

4   **VI.**    **CONCLUSION**

5          Based on the foregoing, Chase respectfully requests that this action be removed to this

6   Court.  If any question arises as to the propriety of the removal of this action, Chase respectfully

7   requests the opportunity to present a brief and oral argument in support of its position that this

8   case is removable.

9

10  Dated:  January 14, 2013                         MORGAN, LEWIS & BOCKIUS LLP
                                                     JOHN S. BATTENFELD
11                                                   S. SEAN KUNDU

12

13                                           By      /s/ John S. Battenfeld
                                                     John S. Battenfeld
14                                                   Attorneys for Defendant
                                                     JPMORGAN CHASE BANK, N.A.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT TABLE OF CONTENTS

2

**Page**

3   Exhibit A ………………………………………………………………… 13

4   Exhibit B ………………………………………………………………… 56

5   Exhibit C ………………………………………………………………… 60

6   Exhibit D ………………………………………………………………… 64

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

12-14-12
10:25

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JP MORGAN CHASE BANK NA, an unknown business entity, and
DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY LOEZA and ANGIE REVELES, an individual, on behalf of
themselves, and on behalf of all others similarly situated

DEC 11 '12 PM 3:03

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* San Diego Superior Court | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| 330 W. Broadway<br>San Diego, CA 92101 | 37-2012-00087455-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard E. Quintilone II, 22974 El Toro Rd, Ste 100, Lake Forest, CA 92630  (949) 458-9675

| DATE:<br>*(Fecha)*  DEC 1 2 2012 | Clerk,<br>*(Secretario)*  T. Perkins | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JP MORGAN CHASE BANK NA, AN UNKNOWN BUSINESS ENTITY

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
DEC 11 '12 PM 3:03

7012 DEC 11  P 4: 06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  RICHARD E. QUINTILONE II (SBN 200995)
   JESSE M. BABLOVE (SBN 279886)
2  **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD, SUITE 100
3  LAKE FOREST, CA 92630-4961
   TELEPHONE NO. (949) 458-9675
4  FACSIMILE NO. (949) 458-9679
   EMAIL REQ@QUINTLAW.COM
5
   DAVID R. MARKHAM, ESQ. (SBN 071814)
6  **THE MARKHAM LAW FIRM**
   750 B STREET, SUITE 1920
7  SAN DIEGO, CA 92101
   TELEPHONE NO. (619) 399-3995
8  FACSIMILE NO. (619) 615-2067
   EMAIL DMARKHAM@MARKHAM-LAW.COM
9
   Attorneys for PLAINTIFF MARY LOEZA and ANGIE REVELES, individually, and on
10 behalf of all employees similarly situated

11                  SUPERIOR COURT OF CALIFORNIA

12              COUNTY OF SAN DIEGO, HALL OF JUSTICE

13 MARY LOEZA and ANGIE REVELES,          Case No.: **37-2012-00087455-CU-BT-CTL**
   an individual, on behalf of themselves, and   **CLASS ACTION**
14 on behalf of all others similarly situated,   **Assigned for All Purposes To:**
                                                 Hon.
15              Plaintiffs,                       Dept.:
                                                 CLASS ACTION COMPLAINT FOR:
16
          vs.                                    1.  FAILURE TO PAY OVERTIME
17                                                   UNDER *F.L.S.A. 29 USC §§ 206, 207*
                                                 2.  FAILURE TO PAY OVERTIME
18 JP MORGAN CHASE BANK NA, an                       COMPENSATION
   unknown business entity, and DOES 1         3.  FAILURE TO PROVIDE MEAL
19 through 100, Inclusive,                          PERIODS;
                                                 4.  FAILURE TO PROVIDE REST
20                                                   PERIODS;
              Defendants.                         5.  FAILURE TO PROVIDE PROPER
21                                                   ITEMIZED STATEMENTS;
                                                 6.  FAILURE TO PAY WAGES TWICE
22                                                   MONTHLY;
                                                 7.  FAILURE TO REIMBURSE BUSINESS
23                                                   EXPENSES;
                                                 8.  FAILURE TO PAY WAGES UPON
24                                                   TERMINATION OF EMPLOYMENT;
                                                 9.  UNLAWFUL COMPETITION and
25                                                   UNLAWFUL BUSINESS PRACTICES;
                                                     and
26                                              10.  VIOLATION OF PRIVATE
                                                     ATTORNEYS GENERAL ACT
27
                                                 DEMAND FOR JURY TRIAL
28

                              -1-

                    CLASS ACTION COMPLAINT

Plaintiffs MARY LOEZA and ANGELA REVELES, on behalf of themselves and all others similarly situated, complains of Defendants, and each of them, for the following causes of action:

## 1.    INTRODUCTION

1.     This is an action by and on behalf of current and former employees of JP MORGAN CHASE, an unknown business entity headquartered and doing business in the State of California, and (hereinafter referred to as "JP MORGAN CHASE") an unknown business entity doing business in the State of California (both hereinafter referred to as "Defendants"), County of San Diego, who are or were employed with Defendants in California in job positions known as "**Loss Mitigation Modification Underwriter**" (hereinafter "underwriters") from four (4) years prior to the filing of this Complaint to the date of certification.  Plaintiff and putative class members were employed as non-exempt employees who were not paid all wages due under California law. Plaintiff and the putative class regularly worked more than 40 hours in a workweek and were told to "bank time" or work "off the clock" in order to meet sales goals. Further, they were required to use their own cell phones for business reasons and were not reimbursed for the necessary business expenses.  These employees are entitled to overtime and other protections.  It is the Defendants' burden of pleading, evidence and proof to show that these employees were paid all wages due and all expenses incurred under California wage and hour law.

2.     This action is brought under California law for failure to pay legally required overtime wages, for willful failure to pay the employees all wages due within the time required after the end of their employment, for failure to furnish itemized statements as required by LABOR CODE § 226, and for other violations of California law relating to employment and compensation of employees.

3.     In this pleading, "Class Members" or "Class" mean all employees of any of the Defendants who are, have been, or will be employed at California locations of the Defendants in any job whose title is or was referred to by any of the Defendants as "**Loss Mitigation Modification Underwriter**" and other such related positions, who were

-2-

CLASS ACTION COMPLAINT

employed during the period of time covered by the statute of limitations applicable to the particular cause of action in which the terms "Class Members" or "Class" appear, including periods of time during which the statute of limitations was or may have been tolled or suspended.

4.    In this pleading, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears.

5.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bears the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

2.    **PARTIES**

A.    **PLAINTIFF**

6.    PLAINTIFFS MARY LOEZA and ANGELA REVELES (hereinafter "PLAINTIFFS") were at all relevant times:

    a.  Are residents of the County of San Diego, State of California;

    b.  Are former employees of JP MORGAN CHASE having held the position of Loss Mitigation Modification Underwriters;

    c.  Are employees that worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, worked off the clock, was told to "bank time" and were not paid overtime compensation pursuant to applicable CALIFORNIA LABOR CODE requirements;

    d.  Are employees that worked more that five (5) hours in any given day, and were not provided a compliant thirty (30) minute meal period;

    e.  Are employees that worked more than four (4) hours in any given day, and were not provided a compliant ten (10) minute rest period; and

    f.  Are employees who incurred necessary business expenses and were not reimbursed for the same.

7.    PLAINTIFFS bring this action on their own behalf, on behalf of all others similarly situated, and on behalf of all aggrieved employees, persons and the general public

-3-

1    as a private attorney general pursuant to and BUS. & PROF. CODE §§ 17200 *et seq.*

2        8.    Whenever the Labor and Workforce Development Agency, or any of its

3    departments, divisions, commissions, boards, agencies, or employees has discretion to

4    assess a civil penalty, a court is authorized to exercise the same discretion, subject to the

5    same limitations and conditions, to assess a civil penalty.

6    **B.**   **DEFENDANTS**

7        9.    JP MORGAN CHASE is an unknown business entity doing business in

8    California. JP MORGAN CHASE, in its current structure, is the result of the combination

9    of several large U.S. banking companies over the last decade including Chase Manhattan

10    Bank, J.P. Morgan & Co., Bank One, Bear Stearns and Washington Mutual. Going back

11    further, its predecessors include major banking firms among which are Chemical Bank,

12    Manufacturers Hanover, First Chicago Bank, National Bank of Detroit, Texas Commerce

13    Bank, Providian Financial and Great Western Bank. JP MORGAN CHASE employs

14    **260,095** employees nationwide as of December 2011, and the Retail Financial Services

15    ("RFS") serves consumers and businesses through personal service at bank branches and

16    through ATMs, online banking and telephone banking, as well as through auto dealerships

17    and school financial-aid offices with more than 5,200 bank branches (third-largest

18    nationally) employing more than 28,000 branch salespeople assist customers with checking

19    and savings accounts, mortgages, home equity and business loans, and investments across

20    the 23-state footprint from New York and Florida to California.[1]  JP MORGAN CHASE

21    conducts business in San Diego, Los Angeles, San Francisco, San Mateo, Santa Cruz, Santa

22    Clara and Orange County and in the State of California. The unlawful acts alleged herein

23    have a direct effect on Plaintiff and those similarly situated within the state of California

24    and San Diego County.  Defendants employed Plaintiff and similarly situated persons

25    within California and San Diego County.  Venue as to each defendant is proper in this

26    judicial district, pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 395.

27

28     [1] 2010 Form 10-K, JPMorgan Chase & Co. US Securities and Exchange Commission.

**CLASS ACTION COMPLAINT**

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under CALIFORNIA CODE OF CIVIL PROCEDURE § 474. Plaintiffs are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.     Plaintiffs are informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the Class. Plaintiffs are informed and believes and thereon alleges that at all times relevant to this action, the named Defendant and Defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

12.     Plaintiffs are informed and believe and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other Class Members. Plaintiffs are informed and believe and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

-5-

CLASS ACTION COMPLAINT

1  should have known about, authorized, ratified, adopted, approved, controlled, aided and

2  abetted the conduct of all other Defendants; and that each Defendant acted pursuant to a

3  conspiracy and agreement to do the things alleged herein.

4  **3.    FACTS COMMON TO ALL CAUSES OF ACTION**

5      13.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of

6  the Class of all persons similarly situated, as more fully explained below. This action is

7  brought and may properly be maintained as a class action pursuant to the provisions of

8  CALIFORNIA CODE OF CIVIL PROCEDURE § 382 and other applicable law pertaining to class

9  actions.

10      14.    The Fair Labor Standards Act: The FAIR LABOR STANDARDS ACT OF 1938,

11  as amended, §§ 201 et seq., (hereinafter referred to as "FLSA") provides for minimum

12  standards for both wages and overtime entitlement, and details administrative procedures

13  by which covered work time must be compensated. The enactment of the provisions of the

14  FLSA provide the Courts with substantial authority to stamp out abuses of child labor,

15  equal pay, portal-to-portal activities as well as the overtime pay provisions at issue in this

16  Complaint.   According to Congressional findings, the existence of Labor conditions

17  detrimental to the maintenance of the minimum standard of living engenders unfair

18  commercial competition, labor disputes, barriers to commerce and the free flow of goods in

19  commerce, and interferes with the orderly and fair marketing of goods.

20      15.    The proposed Class Plaintiffs seek to represent, sometimes referred to herein

21  as the "Class Members," is presently defined as follows: "All employees of any of the

22  Defendants who are, have been, or will be employed in any California locations owned or

23  operated by any of the Defendants in any job whose title is or was referred to by any of the

24  Defendants as **Loan Mitigation Modification Underwriter**, when they were employed

25  during the period of time covered by the statute of limitations applicable to the particular

26  cause of action in which the terms "Class Members" or "Class" appear, including periods

27  of time during which the statute of limitations was or may have been tolled or suspended."

28  There is a well defined community of interest in the litigation and the Class is

-6-

**CLASS ACTION COMPLAINT**

1 ascertainable:

2      (a)   <u>Numerosity</u>: The Class is so numerous that individual joinder of all

3             members is impractical under the circumstances of this case. While

4             the exact number of Class Members is unknown to Plaintiffs at this

5             time, Plaintiffs are informed and believe and thereon allege that the

6             number is approximately several thousand people.

7      (b)   <u>Common Questions and Answers Predominate</u>: Common

8             questions of law and fact exist as to all Class Members, and

9             predominate over any questions that affect only individual members

10            of the Class. The common questions of law and fact include, but are

11            not limited to:

12          (a)  What were and are the policies, programs, practices, procedures

13              and protocols of Defendants regarding Class Members' payment

14              of wages for more than eight hours in a day and 40 in a week;

15          (b)  Whether Defendants are and were subject to overtime

16              requirements contained in the FLSA, California IWC Wage

17              Orders and other California law with respect to the Class

18              Members;

19          (c)  What were and are the policies, programs, practices, procedures

20              and protocols of Defendants regarding meal periods for Class

21              Members;

22          (d)  Whether Defendants violated California law by their policies,

23              programs, practices, procedures and protocols regarding meal

24              periods for Class Members;

25          (e)  What were and are the policies, programs, practices, procedures

26              and protocols of Defendants regarding rest periods for Class

27              Members;

28

-7-

CLASS ACTION COMPLAINT

(f)   Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Class Members;

(g)   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the Class Members, upon each payment of wages, itemized statements required by LABOR CODE § 226;

(h)   Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the Class Members, upon each payment of wages, itemized statements required by LABOR CODE § 226;

(i)   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding final payment of wages required by LABOR CODE §§ 200 - 203;

(j)   Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding final payment of wages required by LABOR CODE §§ 200 - 203;

(k)   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding reimbursement of business expenses required by LABOR CODE § 2802;

(l)   Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding non-payment expenses required by LABOR CODE § 2802;

(m)  Whether Defendants violated BUSINESS & PROFESSIONS CODE § 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action; and

-8-

CLASS ACTION COMPLAINT

(n)   Whether Defendants obtained voluntary waivers with consent and full disclosure by Class Members, and whether a written signed waiver is effective as to all future meal and rest periods.

Additional common questions and answers of law and fact may develop as the litigation progresses.

(c)   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class Members.   Plaintiffs and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to Class Members as well as Plaintiffs.  Plaintiffs seek recoveries for the same types of losses, injuries, and damages as were suffered by herself and by the other Class Members as well as Plaintiffs.

(d)   <u>Adequacy</u>: Plaintiffs and their counsel will fairly and adequately protect the interests of the Class Members.   Plaintiff has no interest that is adverse to the interests of the other Class Members.

(c)   <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is impractical.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.   Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the

-9-

CLASS ACTION COMPLAINT

1       wrongs done to them.  On the other hand, important public interests

2       will be served by addressing the matter as a class action.  The cost to

3       the court system and the public of adjudication of individual litigation

4       and claims would be substantial, and substantially more than if the

5       claims are treated as class action.  Individual litigation and claims

6       would also present the potential for inconsistent or contradictory

7       results.

8       (f)    **Public Policy Considerations**: Defendants and other employers

9       throughout the state violate wage and hour laws.  Their current

10      employees are often afraid to assert their rights out of fear of direct or

11      indirect retaliation.  Their former employees are fearful of bringing

12      claims because doing so can harm their current employment, future

13      employment and future efforts to secure employment.  Class actions

14      provide Class Members who are not named in the complaint a degree

15      of anonymity that allows for vindication of their rights while

16      eliminating these risks, or at least enormously reducing them.

17 **4.  CLASS ALLEGATIONS**

18     **A.  Definition of PLAINTIFF Class and Subclasses**

19     16.  The Class is defined as, "**All persons who were employed as Loan**

20 **Mitigation Modification Underwriters, by Defendants in California and were so**

21 **employed during the period of time covered by the statute of limitations applicable to**

22 **the particular cause of action.**"

23     17.  The PLAINTIFF OVERTIME CLASS, consists of all current and former

24 Loan Mitigation Modification Underwriter employees of Defendants in the State of

25 California from four (4) years preceding the filing of this Complaint, and who worked more

26 than eight (8) hours in any given day and/or more than forty (40) hours in any given week

27 and who were not paid overtime compensation pursuant to applicable CALIFORNIA LABOR

28 CODE requirements.

-16-

CLASS ACTION COMPLAINT

18.     The PLAINTIFF FLSA OVERTIME CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants throughout the United States from four (4) years preceding the filing of this Complaint, and who worked more than forty (40) hours in any given week and who were not paid overtime compensation pursuant to applicable FLSA requirements.

19.     The PLAINTIFF REST PERIOD CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants in the State of California from four (4) years preceding the filing of this Complaint, and who did not receive a ten (10) minute rest period for every three and one-half (3.5) hours worked in any given workday.

20.     The PLAINTIFF MEAL PERIOD CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants in the State of California from four (4) years preceding the filing of this Complaint, and who worked more than five (5) hours in any given day but did not receive a meal period of at least thirty (30) minutes on that day.

21.     The PLAINTIFF STATEMENT CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants in the State of California from four (4) years preceding the filing of this Complaint, and who, upon each payment of wages, did not receive an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

22.     The PLAINTIFF MONTHLY PAY CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants in the State of California from four (4) years preceding the filing of this Complaint, and who, upon each pay period, did not receive all wages earned at least twice monthly.

23.     The PLAINTIFF EXPENSE REIMBURSEMENT CLASS, consists of all current and former Loan Mitigation Modification Underwriter employees of Defendants in the State of California from four (4) years preceding the filing of this Complaint, who were

-11-

1  not paid all expenses due and payable as defined by applicable California law, including

2  interest thereon.

3      24.    The PLAINTIFF TERMINATION PAY CLASS, consists of all former Loan

4  Mitigation Modification Underwriter employees of Defendants in the State of California

5  from four (4) years preceding the filing of this Complaint, and who, when their

6  employment was terminated, were not paid, without abatement, all wages due and payable

7  as defined by applicable California law, including overtime compensation and premium pay

8  earned.

9      25.    The classes defined herein are collectively referred to as the "PLAINTIFF

10  CLASSES."

11      **B.**    <u>Maintenance Of The Action</u>

12      26.    PLAINTIFFS bring this action individually on behalf of themselves and as

13  representatives of all similarly situated persons pursuant to CAL. BUS. & PROF. CODE

14  §§ 17203 and 17204, CAL. CODE CIV. PROC. § 382, and the provisions of Rule 23 of the

15  FED. RULES CIV. PROC.

16      27.    In addition to meeting the statutory prerequisites to a Class Action, this

17  action is properly maintained as a Class Action pursuant to Rule 23(b) of the FED. RULES

18  CIV. PROC. and CAL. CODE CIV. PROC. § 382, in that:

19          (a)    Without class certification and determination of declaratory,

20              injunctive, statutory and other legal questions within the class format,

21              prosecution of separate actions by individual members of the

22              PLAINTIFF CLASSES will create the risk of:

23              1)    Inconsistent or varying adjudications with respect to individual

24                  members of the Classes which would establish incompatible

25                  standards of conduct for the parties opposing the PLAINTIFF

26                  CLASSES; or,

27              2)    Adjudication with respect to individual members of the

28                  PLAINTIFF CLASSES which would as a practical matter be

-12-

CLASS ACTION COMPLAINT

dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests; or

3) The parties opposing the PLAINTIFF CLASSES have acted or refused to act on grounds generally applicable to the PLAINTIFF CLASSES, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the PLAINTIFF CLASSES as a whole; or

4) Common questions of law and fact exist as to the members of the PLAINTIFF CLASSES and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    i. The interests of the members of the PLAINTIFF CLASSES in individually controlling the prosecution or defense of separate actions;

    ii. The extent and nature of any litigation concerning the controversy already commenced by or against members of the PLAINTIFF CLASSES;

    iii. The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    iv. The difficulties likely to be encountered in the management of a Class Action.

28. This Court should permit this action to be maintained as a class action pursuant to CAL. CODE CIV. PROC. § 382 because:

(a) The questions of law and fact common to the PLAINTIFF CLASSES predominate over any question affecting only individual members;

-13-

CLASS ACTION COMPLAINT

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the PLAINTIFF CLASSES;

(c)     PLAINTIFF and the other members of the PLAINTIFF CLASSES will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(d)     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the PLAINTIFF CLASSES; and,

(e)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendants are sufficient to adequately compensate the members of the PLAINTIFF CLASSES for the injuries sustained.

29.     Class PLAINTIFFS contemplate the eventual issuance of notice to the proposed Class Members of each PLAINTIFF CLASSES that would set forth the subject and nature of the instant action. The Defendants own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Class PLAINTIFFS would contemplate the use of additional internet, social media, television, radio and/or mailings.

30.     Among the many questions of law and fact common to the class are:

(a)     Whether Defendants failed to pay its Loan Mitigation Modification Underwriter employees overtime and straight time for work over eight (8) hours per day and/or more than forty (40) hours per week;

(b)     Whether Defendants adjusted, altered and/or changed employees' hours to reflect no more than eight (8) hours per day and/or no more than forty (40) hours per week;

-14-

CLASS ACTION COMPLAINT

(c)     Whether Defendants adjusted, altered and/or changed the end day or end date of the pay period for employees' hours to reflect no more than eight (8) hours per day and/or no more than forty (40) hours per week;

(d)     Whether Defendants adjusted, altered and/or changed the end day or end date of the pay period for employees to avoid compensating said employees for double overtime on the seventh (7th) consecutive work day;

(e)     Whether Defendants adjusted, altered and/or "banked" hours for employees to avoid compensating said employees for straight time, overtime and double overtime;

(f)     Whether defendants paid all earned vacation pay an/or Paid Time Off ("PTO") to employees upon termination from employment;

(g)     Whether Defendants adjusted, altered and/or changed employees' hours to reflect ten (10) minute rest periods, and thirty (30) minute meal periods;

(h)     Whether Defendants adjusted, altered and/or changed employees' time cards or wage statements to reflect said employee worked less hours, to avoid payment of overtime compensation;

(i)     Whether Defendants paid no overtime wages to any employee entitled to overtime during the relevant time period;

(j)     Whether Defendants violated FLSA 29 USC §§ 206, 207;

(k)     Whether Defendants violated LAB. CODE § 204.3;

(l)     Whether Defendants violated LAB. CODE § 226;

(m)     Whether Defendants violated LAB. CODE § 226.7 by failing to provide meal periods;

(n)     Whether Defendants violated CAL. CODE REG., Title 8, § 11040(12) by failing to provide rest periods;

-15-

CLASS ACTION COMPLAINT

(o)   Whether Defendants violated CAL. CODE REG., Title 8, § 11040(11) by failing to provide meal periods;

(p)   Whether Defendants' conduct is "unlawful," "unfair" or "fraudulent" within the meaning supplied by California's Trade Practices Act, BUS. & PROFS. CODE §§ 17200, et seq.;

(q)   Whether Defendants' acts constitute "unfair trade practices" within the meaning of California's Trade Practices Act, BUS. & PROFS. CODE §§ 17200, et seq;

(r)   Whether Defendants' activities related to their failure to disclose material and relevant information constitutes violations of BUS. & PROFS. CODE § 17200;

(s)   Whether employees employed by Defendants are entitled to overtime wages, as required by LABOR CODE §§ 1194 and 1198;

(t)   Whether employees employed by Defendants are entitled to waiting period wages;

(u)   Whether Defendants violated LABOR CODE §§ 2800 - 2802 by failing to reimburse necessary business expenses;

(v)   Whether Defendants violated LABOR CODE § 204 by failing to pay employees twice monthly; and

(w)   Whether Defendants violated LABOR CODE §§ 2698 and 2699, et seq.)

31.   As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all class members is impracticable and since many legal and factual questions to be adjudicated apply uniformly to all class members.  Further, as the economic or other loss suffered by vast numbers of class members may be relatively small, the expense and burden of individual actions makes it difficult for the class members to individually redress the wrongs they have suffered.  Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to insure

-16-

CLASS ACTION COMPLAINT

1    that equity is achieved.  There will be relatively little difficulty in managing this case as a

2    class action.

3        32.    The class action is superior to other available methods for a fair and efficient

4    adjudication of the claims presented by this Complaint and would reduce the financial,

5    administrative and procedural burdens on the parties and on the Court which individual

6    litigation would otherwise impose.

7        C.    **Delayed Discovery**

8        33.    Defendants, as a prospective employer of PLAINTIFFS and the PLAINTIFF

9    CLASSES, had a special fiduciary duty to disclose to prospective employees of the true

10   facts surrounding their uniform policies and working conditions imposed upon them.  In

11   addition, Defendants knew that it possessed special knowledge about its uniform policies

12   and working conditions imposed upon this group of employees.

13       34.    At the time Defendants made these misrepresentations and/or misleading

14   omissions, Defendants knew its misrepresentations and/or omissions were likely to deceive

15   and mislead the employees, including PLAINTIFFS, because Defendants knew that its

16   uniform policies and procedures imposed upon the employees to "bank time" and "work off

17   the clock" actually was compensable time.  Defendants engaged in conduct designed to

18   trick employees into believing that they were not entitled to overtime for banked hours, off

19   the clock hours and weekend telephone calls with clients, such as mischaracterizing and/or

20   omitting information to the employees that this time was compensable.  Moreover,

21   Defendants breached their fiduciary duty to each and every employee when it failed to

22   disclose the truth regarding the status of paying all PTO upon termination, all owed meal

23   and rest period premium pay, including work past 10 hours, under California's overtime

24   wage laws.

25       35.    When employees, including PLAINTIFFS, received these misrepresentations

26   and/or misleading omissions, they did not know them to be false and/or misleading.

27       36.    Employees, including PLAINTIFFS and the members of the PLAINTIFF

28   CLASSES and subclasses thereof, relied upon their future employer's statements to their

-17-

**CLASS ACTION COMPLAINT**

detriment. In particular, PLAINTIFFS and the PLAINTIFF CLASSES were unaware that were entitled to overtime when working past 40 hours or off the clock when they were hired by JP MORGAN CHASE.

37.    After JP MORGAN CHASE hired each employee of the CLASS, JP MORGAN CHASE engaged in further conduct designed to continue to deceive them into not being paid overtime and lull them into inaction so that they would be unlikely to discover the truth.

38.    Due to the deceit, PLAINTIFFS and members of the PLAINTIFF CLASSES and subclasses were hindered from bringing an action against JP MORGAN CHASE within the statutory period. By asserting that PLAINTIFF and the PLAINTIFF CLASSES were not entitled to overtime after 40 hours, distributing employee handbooks that alleged that off the clock work was prohibited while expressly requiring it, Defendants engaged in conduct designed to create a "false paper trail" of management directives which conflicted with actual common practices and common damages suffered by the class. Common proof of injury can be shown through email, phone records and computer access records. Due to Defendants deceit and concealment of information, PLAINTIFFS and the CLASS were unaware of their true rights.

39.    PLAINTIFFS did not discover the fact that she was entitled to overtime wages until shortly before the filing of this lawsuit. As a result, the applicable statutes of limitation were tolled until such time as PLAINTIFFS discovered their claims.

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION

### [FLSA 29 USC § 203]

### (Against All Defendants)

40.    PLAINTIFF and PLAINTIFF CLASSES re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

-18-

CLASS ACTION COMPLAINT

41. At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(I).

42. PLAINTIFFS are informed and believes, and thereon allege, that JP MORGAN CHASE has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-halftimes the regular rate at which he is employed.

43. In the performance of their duties for Defendants, members of the FLSA Class often did work over forty (40) hours per week and did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

44. The precise number of unpaid overtime hours will be proven at trial.

45. PLAINTIFFS propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

46. Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

47. As a result of the foregoing, PLAINTIFFS seek judgment against Defendants on their own behalf and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative PLAINTIFFS and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for

-19-

CLASS ACTION COMPLAINT

under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PAY OVERTIME COMPENSATION

### [CALIFORNIA LABOR CODE §§ 1194 and 1198]

### (Against All Defendants)

48.     PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

49.     This claim is brought by PLAINTIFFS, on behalf of themselves and on behalf of the PLAINTIFF CLASSES and the subclasses thereof.

50.     CAL. LAB. CODE §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

51.     CAL. LAB. CODE § 1194 provides that an employee who has not been paid overtime compensation as required by Section 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action.  The action may be maintained directly against the employer in his name without first filing a claim with the Department of Labor Standards and Enforcement.

52.     At all times relevant hereto, IWC Wage Order No. 4-2001 applied, and applies, to PLAINTIFFS' employment with Defendants.

53.     At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week.

54.     At all times relevant hereto, the IWC Wage Orders applicable to this industry were in effect which provides for payment of overtime wage equal to one and one-half (1

-20-

CLASS ACTION COMPLAINT

½) times an employee's regular rate of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours on the seventh (7th) consecutive day of work in a work week.

55.    At all times relevant hereto, IWC Wage Order No. 4-2001 (3)(A) provides for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh (7th) consecutive day of work in a work week.

56.    Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified certain employees' hours, including PLAINTIFFS', to avoid payment of overtime wages and other benefits in violation of California Code of Regulations and the guidelines set forth by the Division of Labor Standards and Enforcement.

57.    At all times relevant hereto, from time to time, PLAINTIFFS and aggrieved employees have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants.

58.    At all times relevant hereto, from time to time, PLAINTIFFS and aggrieved employees have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, including but not limited to monthly and/or yearly stocking work around holidays, as employees of Defendants.

59.    At all times relevant hereto, the Defendants, and each of them, failed to pay to PLAINTIFFS and aggrieved employees overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by CAL. LAB. CODE §§ 1194, 1197 and 1198 and the provisions of IWC order No. 4-2001, CAL. CODE REG. Title 8 § 11040.

60.    By virtue of the Defendants' unlawful failure to pay additional compensation to PLAINTIFFS and aggrieved employees for overtime hours, PLAINTIFFS and the PLAINTIFF CLASSES have suffered, and will continue to suffer, damages in amounts

1  which are presently unknown to PLAINTIFFS, but which exceed the jurisdictional limits of

2  this Court and which will be ascertained according to proof at trial.

3        61.  Defendants' failure to pay all non-exempt, hourly employees' overtime

4  wages violates PEN. CODE §§ 484 and 532 (obtaining labor through false pretenses).

5        62.  PLAINTIFFS are informed and believe, and based upon that information and

6  belief allege, that Defendants, and each of them, knew or should have known that non-

7  exempt, hourly employees did not qualify as exempt employees and purposely elected not

8  to pay PLAINTIFFS and all other non-exempt, hourly employees for their overtime labor.

9        63.  PLAINTIFFS and the PLAINTIFF CLASSES did not voluntarily or willfully

10  waive rest and/or meal periods.  Defendants maintained and implemented a course of

11  conduct requiring PLAINTIFFS and the PLAINTIFF CLASSES to involuntarily waive rest

12  and meal periods as a condition of employment and failed to obtain un-coerced waivers.

13        64.  Defendants, and each of them, acted intentionally, oppressively and

14  maliciously toward PLAINTIFFS and similarly situated non-exempt, hourly employees

15  with a conscious disregard of the PLAINTIFF CLASSES' rights, or the consequences

16  suffered by PLAINTIFF CLASSES, with the intent of depriving the PLAINTIFF CLASSES

17  of property and legal rights and otherwise causing PLAINTIFF CLASSES injury.

18        65.  PLAINTIFFS, individually, and on behalf of members of the PLAINTIFF

19  CLASSES, request recovery of overtime compensation according to proof, interest,

20  attorneys' fees and costs pursuant to CAL. LAB. CODE §§ 218.5 and 1194(a), as well as the

21  assessment of any statutory penalties against these Defendants, and each of them, and any

22  additional sums as provided by the CAL. LAB. CODE and/or other statutes.

23        66.  Further, PLAINTIFFS and the PLAINTIFF CLASSES are entitled to seek

24  and recover reasonable attorneys' fees and costs pursuant to CAL. LAB. CODE §§ 218.5, 210

25  and 1194.

26  ///

27  ///

28  ///

-22-

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL PERIODS**

[CALIFORNIA LABOR CODE §§ 226.7 and 512, and

CALIFORNIA CODE OF REGULATION, Title 8, §11040]

(Against All Defendants)

67.     PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

68.     This claim is brought by PLAINTIFFS, on behalf of themselves and on behalf of the PLAINTIFF CLASSES and the subclasses thereof.

69.     CAL. LAB. CODE §§ 226.7 and 512 and CAL. CODE REG., Title 8, § 11040(11)(A), provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes.

70.     CAL. LAB. CODE § 226.7 and CAL. CODE OF REG., Title 8, § 11040(11)(D), provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

71.     Defendants, and each of them, have intentionally and improperly denied meal periods to the PLAINTIFF CLASSES in violation of CAL. LAB. CODE §§ 226.7 and 512 and CAL. CODE REG., Title 8, § 11040(11)(A), and other regulations and statutes through overwhelming workloads, intimidation and discipline, among other uniform practices.

72.     At all times relevant hereto, PLAINTIFFS and the PLAINTIFF CLASSES, have worked more than five (5) hours in a workday.

73.     At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods as required by CAL. LAB. CODE §§ 226.7 and 512 and CAL. CODE REG., Title 8, §11040(11)(A).

74.     By virtue of the Defendants' unlawful failure to provide meal periods to PLAINTIFFS and the PLAINTIFF CLASSES, PLAINTIFFS and the PLAINTIFF

-23-

**CLASS ACTION COMPLAINT**

CLASSES have suffered, and will continue to suffer, damages in amounts which are presently unknown to PLAINTIFFS but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

75.   The PLAINTIFF CLASSES are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

76.   PLAINTIFFS and the PLAINTIFF CLASSES did not voluntarily or willfully waive rest and/or meal periods.   Defendants maintained and implemented a course of conduct requiring PLAINTIFFS and the PLAINTIFF CLASSES to involuntarily waive meal periods as a condition of employment and failed to obtain un-coerced waivers.

77.   Defendants, and each of them, acted intentionally, oppressively and maliciously toward PLAINTIFFS and the PLAINTIFF CLASSES with a conscious disregard of their rights, or the consequences to PLAINTIFFS and the PLAINTIFF CLASSES, with the intent of depriving them of property and legal rights and otherwise causing PLAINTIFFS and the PLAINTIFF CLASSES injury.

78.   PLAINTIFFS, individually, and on behalf of the PLAINTIFF CLASSES, requests recovery of meal period compensation pursuant to CAL. LAB. CODE §§ 226.7 and CAL. CODE REG., Title 8, §11040(11)(D), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the LABOR CODE and/or other statutes.   Further, the PLAINTIFF CLASSES are entitled to seek and recover reasonable attorneys' fees and costs pursuant to LAB. CODE §§ 218.5 and 1194.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REST PERIODS**

[CALIFORNIA LABOR CODE §§ 226.7 and 512; and

CALIFORNIA CODE OF REGULATION, Title 8, §11040]

(Against All Defendants)

79.   PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

-24-

CLASS ACTION COMPLAINT

1   in this Complaint.

2         80.   This claim is brought by PLAINTIFFS, on behalf of themselves and on

3   behalf of the PLAINTIFF CLASSES and the subclasses thereof.

4         81.   CAL. LAB. CODE §§ 226.7 and CAL. CODE REG., Title 8, § 11040(12)(A),

5   provides that employers authorize and permit all employees to take rest periods at the rate

6   of ten (10) minutes net rest time per three and one-half (3.5) work hours.

7         82.   CAL. LAB. CODE §§ 226.7 and CAL. CODE REG., Title 8, § 11040(12)(D),

8   provides that if an employer fails to provide an employee rest periods in accordance with

9   this section, the employer shall pay the employee one (1) hour of pay at the employee's

10  regular rate of compensation for each workday that the rest period is not provided.

11        83.   Defendants, and each of them, have intentionally and improperly denied rest

12  periods to PLAINTIFFS and the PLAINTIFF CLASSES in violation of CAL. LAB. CODE §§

13  226.7 and 512 and CAL. CODE REG., Title 8, § 11040(12).

14        84.   At all times relevant hereto, PLAINTIFFS and the PLAINTIFFS CLASSES,

15  have worked more than four hours in a workday.

16        85.   At all times relevant hereto, the Defendants, and each of them, failed to

17  provide rest periods as required by CAL. LAB. CODE §§ 226.7 and CAL. CODE REG., Title 8,

18  § 11040(12).

19        86.   By virtue of the Defendants' unlawful failure to provide rest periods to the

20  PLAINTIFFS and PLAINTIFF CLASSES, PLAINTIFFS and PLAINTIFF CLASSES have

21  suffered, and will continue to suffer, damages in amounts which are presently unknown to

22  the PLAINTIFFS and PLAINTIFF CLASSES but which exceed the jurisdictional limits of

23  this Court and which will be ascertained according to proof at trial.

24        87.   PLAINTIFFS and the PLAINTIFF CLASSES are informed and believe, and

25  based upon that information and belief allege, that Defendants, and each of them, knew or

26  should have known that PLAINTIFFS were entitled to rest periods and purposely elected

27  not to provide rest periods.

28        88.   PLAINTIFFS and the PLAINTIFF CLASSES did not voluntarily or willfully

-25-

CLASS ACTION COMPLAINT

waive rest periods. Defendants maintained and implemented a course of conduct requiring PLAINTIFFS and the PLAINTIFF CLASSES to involuntarily waive rest and meal periods as a condition of employment and failed to obtain un-coerced waivers.

89.   Defendants, and each of them, acted intentionally, oppressively and maliciously toward PLAINTIFFS and the PLAINTIFF CLASSES with a conscious disregard of their rights, or the consequences to PLAINTIFFS and the PLAINTIFF CLASSES, with the intent of depriving PLAINTIFFS and the PLAINTIFF CLASSES of property and legal rights and otherwise causing the PLAINTIFF CLASSES injury.

90.   PLAINTIFFS, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to CAL. LAB. CODE §§ 226.7 and CAL. CODE REG., Title 8, § 11040(12)(B), as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the LABOR CODE and/or other statutes. Further, the PLAINTIFF CLASSES is entitled to seek and recover reasonable attorneys' fees and costs pursuant to LAB. CODE §§ 218.5 and 1194.

### FIFTH CAUSE OF ACTION

### FOR FAILURE TO FURNISH ITEMIZED STATEMENTS

[CALIFORNIA LABOR CODE § 226]

(Against All Defendants)

91.   PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

92.   This claim is brought by PLAINTIFFS, on behalf of themselves and on behalf of the PLAINTIFF CLASSES and the subclasses thereof.

93.   Throughout the Class Period, Defendants intentionally failed to furnish to PLAINTIFFS and the PLAINTIFF CLASSES, upon each payment of wages, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

94.   PLAINTIFFS and the PLAINTIFF CLASSES were damaged by these

-26-

CLASS ACTION COMPLAINT

failures because, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages for missed meal and rest breaks, or for each hour of labor they performed, although they were was so entitled as well as business expenses or time for performing after hours sales and work.   The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies PLAINTIFFS and the PLAINTIFF CLASSES entitlement to social security benefits, as well as employer contributions to social security benefits, FICA, and FUTA is based upon the total amount of wages earned and deductions from wages as reflected on his wage statements, and he is thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub.

95.   As a result of Defendants' conduct, PLAINTIFFS and the PLAINTIFF CLASSES have suffered injury as alleged herein because their rights to receive accurate wage statements were violated.

96.   PLAINTIFFS and the PLAINTIFF CLASSES are entitled to the amounts provided in CAL. LAB. CODE § 226(e), plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES TWICE MONTHLY

[CALIFORNIA LABOR CODE § 204]

(Against All Defendants)

97.   PLAINTIFFS incorporate all previous paragraphs of this Complaint as though fully set forth herein.

98.   LAB. CODE § 204 requires that all wages are due and payable twice in each calendar month.

99.   The wages required by LAB. CODE §§ 226.7 and 1194 became due and

-27-

CLASS ACTION COMPLAINT

1   payable to each employee in each month that he or she was not provided with a meal period

2   or rest period or paid straight or overtime wages to which he or she was entitled.

3      100.   Defendants violated LAB. CODE § 204 by systematically refusing to pay

4   wages due under the applicable LAB. CODE.

5      101.   As a result of the unlawful acts of Defendants, PLAINTIFFS and the

6   PLAINTIFF CLASSES have been deprived of wages in amounts to be determined at trial,

7   and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys'

8   fees, and costs.

### SEVENTH CAUSE OF ACTION

### FOR FAILURE TO REIMBURSE LAWFUL EXPENSES

[CALIFORNIA LABOR CODE §§ 2800-2802, et seq.]

(Against All Defendants)

13      102.   PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and

14   incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

15   in this Complaint.

16      103.   PLAINTIFFS and the PLAINTIFF CLASSES are informed and believe and

17   based thereon allege that throughout the period applicable, they were required to pay for

18   lawful and necessary work related expenses such as, but not limited to cellular phones,

19   mileage and were required to maintain employer, customer and vendor contact.

20   PLAINTIFFS and the PLAINTIFF CLASSES further allege that they were not reimbursed

21   for those lawful and necessary work related expenses or losses incurred in direct discharge

22   of their duties during their employment by Defendants and at the direction of the

23   Defendants pursuant to LABOR CODE § 2802(a).

24      104.   Defendants' knowing and willful failure to reimburse lawful necessary work

25   related expenses and losses to PLAINTIFFS and the PLAINTIFF CLASSES resulted in

26   damage to them because, among other things, Defendant did not inform them of their right

27   to be reimbursed for those work related expenses. As Defendant failed to inform and

28   misled PLAINTIFFS and the PLAINTIFF CLASSES with regard to their rights,

-28-

CLASS ACTION COMPLAINT

PLAINTIFFS and the PLAINTIFF CLASSES were led to believe that incurring those lawful and necessary expenses and losses was an expected and essential function of their employment with Defendant and that failure to incur those expenses would have adverse consequences on their employment status.

105. PLAINTIFFS and the PLAINTIFF CLASSES are entitled to reimbursement for any and all necessary work related expenses, as provided for in LABOR CODE § 2802(b), incurred during the direct discharge of their duties while employed by Defendant as well as accrued interest on those expenses that were not reimbursed from the date they incurred those expenses. Further, Plaintiffs and Class Members are entitled to costs and attorney's fees pursuant to LABOR CODE § 2802(c).

## EIGHTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT

[CALIFORNIA LABOR CODE §§ 201-203]

(Against All Defendants)

106. PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

107. This claim is brought by PLAINTIFFS, on behalf of herself and on behalf of the PLAINTIFF CLASSES and the subclasses thereof.

108. PLAINTIFFS and many of the PLAINTIFF CLASSES quit or were discharged from their employment with Defendants within the applicable statute of limitations.

109. However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of LAB. CODE § 203.

110. Therefore, each of these employees is entitled to one day's wages for each

-29-

1   day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days'

2   wages for each employee.  Because none of the employees were ever paid the overtime,

3   straight time, PTO and/or premium wages to which they were entitled, referred to in this

4   Complaint, each of the employees is entitled to thirty (30) days of wages.

5       111.   As a result of the unlawful acts of Defendants, PLAINTIFFS and the

6   PLAINTIFF CLASSES have been deprived of wages in amounts to be determined at trial,

7   and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys'

8   fees, and costs.

9                   <u>**NINTH CAUSE OF ACTION**</u>

10      <u>**FOR UNLAWFUL COMPETITION and BUSINESS PRACTICES**</u>

11      [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

12                      **(Against All Defendants)**

13      112.   PLAINTIFFS and the PLAINTIFF CLASSES (and subclasses) re-allege and

14   incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

15   in this Complaint.

16      113.   On information and belief, PLAINTIFFS allege that, by the Defendants'

17   policy of:

18      a.     Failing to pay PLAINTIFFS and the CLASS all wages due from working

19             more than 8 hours a day, 40 in a week and off the clock and thereby not

20             paying them straight time and overtime when it is lawfully due;

21      b.     Requiring employees to work in excess of five hours per day without being

22             provided a lawful thirty-minute meal period and not being compensated one

23             hour of pay at the regular rate (or minimum wage) of compensation for each

24             workday that a meal period was not provided, in violation of California labor

25             laws, regulations, and Industrial Welfare Commission Wage Orders;

26      c.     Requiring employees to work without being provided a minimum ten-minute

27             rest period for every 3.5 hours or major fraction thereof worked and not

28

-30-

CLASS ACTION COMPLAINT

being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

   d.   Failing to reimburse business expenses;

   e.   Failing to keep proper records;

   f.   Charging the CLASS for mistakes and improperly passing business risk of loss to its employees; and

   g.   Failing to pay employees all wages, vacation pay and/or PTO and compensation due at the termination of their employment.

114.   Defendants have clearly established a policy of accepting a degree of collateral damage, represented by the injuries to the Plaintiffs herein alleged, rather than accepting the conventional costs of full compliance with fair, lawful and honest business practices, ordinarily assumed by Defendants' responsible competitors and as set forth in California legislation and judicial record.

115.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.

116.   A violation of CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq., et seq. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of requiring Plaintiffs and class members, to work overtime without paying them proper compensation violates California LABOR CODE §§ 510 and 1198. Additionally, Defendants' policy and practice of requiring PLAINTIFFS and class members, to work through their meal and rest periods without paying them proper compensation violates CALIFORNIA LABOR CODE §§ 226.7 and 512(a). Defendants' policy and practice of not paying at least minimum wages violations California LABOR CODE §§ 1194, 1197, and 1197.1. Defendants' policy and practice of failing to timely pay wages to PLAINTIFFS and class members violates CALIFORNIA LABOR CODE §§ 201, 202 and 204. Further, Defendants' policy and practice of not reimbursing its employees, including Plaintiffs and class members, for business-related expenses and costs violates CALIFORNIA

CLASS ACTION COMPLAINT

LABOR CODE §§ 2800 and 2802.

117.   PLAINTIFFS and putative class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

118.   Pursuant to CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq., Plaintiffs and putative class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to CODE OF CIVIL PROCEDURE § 1021.5 and other applicable laws; and an award of costs.

## TENTH CAUSE OF ACTION

### VIOLATION OF PRIVATE ATTORNEY GENERALS ACT

[CALIFORNIA LABOR CODE §§ 2698 and 2699]

(Against All DEFENDANTS)

119.   PLAINTIFFS and the PLAINTIFF CLASSES re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

120.   As a result of the previously alleged, including violations of the sections of the California LABOR CODE alleged above, PLAINTIFFS seek penalties under LAB. CODE §§ 2698 and 2699.

121.   Representative PLAINTIFFS have met and/or will meet all of the requirements set forth in LAB. CODE §§ 2699.3 necessary to commence a civil action against Defendants for violations of LAB. CODE §§ 226.7 and 512.

122.   PLAINTIFFS, for themselves and on behalf of all other similarly situated current and former employees of Defendants, seeks civil penalties in the amount of:

(a)   one hundred dollars ($100.00) for each of the first violation per employee, per pay period, and;

-32-

CLASS ACTION COMPLAINT

(b)     two hundred dollars ($200.00) for each subsequent violation of each

such provision, per employee, per pay period.

123.    These penalties will be allocated 75% to the Labor Workforce Development

Agency ("LWDA") and 25% to the affected employees.

124.    WHEREFORE, PLAINTIFFS and each PLAINTIFF CLASS they seek to

represent request relief as described herein and below and as deemed just.

## PRAYER

WHEREFORE, the PLAINTIFFS and the CLASS DEMAND A JURY TRIAL and

pray for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    That PLAINTIFFS be appointed the representatives of each proposed Class,

as appropriate;

3.    That the attorneys of record for PLAINTIFFS whose names appear on this

Complaint be appointed class counsel;

4.    For compensation pursuant to LAB. CODE §§ 1194 and 1198;

5.    For compensation pursuant to FLSA 29 U.S.C. § 201 et al.

6.    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b)

7.    For compensation pursuant to LAB. CODE § 226.7;

8.    For actual damages or penalties pursuant to LAB. CODE § 226;

9.    For compensation pursuant to LAB. CODE § 204;

10.    For premium pay, wages, and penalties pursuant to LAB. CODE §§ 201-203;

11.    For compensation pursuant to LAB. CODE §§ 2800 to 2802;

12.    For compensatory damages in an amount according to proof with interest

thereon;

13.    For economic and/or special damages in an amount according to proof with

interest thereon;

14.    That Defendants be found to have engaged in unfair competition in violation

of section 17200 et seq. of the California BUSINESS AND PROFESSIONS CODE;

-33-

CLASS ACTION COMPLAINT

15.   That Defendants be ordered and enjoined to make restitution to each Class due to their unfair competition, pursuant to California BUSINESS AND PROFESSIONS CODE §§ 17203 and 17204;

16.   That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

17.   That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California BUSINESS AND PROFESSIONS CODE;

18.   That Defendants be enjoined from further acts of restraint of trade or unfair competition;

19.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California BUSINESS & PROFESSIONS CODE § 17200 et seq.;

20.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California CODE OF CIVIL PROCEDURE § 1021.5;

21.   For penalties and all other relief pursuant to CAL. LAB. CODE §§ 2699, et seq.

22.   For attorneys' fees, interest, and costs of suit; and

23.   For such other and further relief as the Court deems just and proper.

Dated:  December 4, 2012                    QUINTILONE & ASSOCIATES

                                            By: RICHARD E. QUINTILONE II,
                                                JESSE M. BABLOVE
                                                Attorneys for PLAINTIFFS MARY
                                                LOEZA and ANGELA REVELES, and all
                                                others similarly situated

-34-

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3    PLAINTIFFS and the CLASS DEMAND a trial by jury.

4

5    Dated: December 4, 2012                QUINTILONE & ASSOCIATES

6

7                                           By: _____
                                                RICHARD E. QUINTILONE II,
8                                               JESSE M. BABLOVE
                                                Attorneys for PLAINTIFF MARY LOEZA
9                                               and ANGELA REVELES, and all others
                                                similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Richard E. Quintilone II (SBN 200995)<br>QUINTILONE & ASSOCIATES<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA 92630<br>TELEPHONE NO: (949) 458-9675    FAX NO.: (949) 458-9679<br>ATTORNEY FOR *(Name)*: Plaintiffs | F I L E D<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>2012 DEC 11  P 4: 05<br><br>CLERK · SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Loeza v. Chase Bank

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>DEC 11 '12 PM 3:03<br>37-2012-00087455-CU-BT-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | | |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | | Enforcement of Judgment |
| [✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21) |
| Employment<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 10
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 11, 2012

Richard E. Quintilone II / David R. Markham
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:     Central
TELEPHONE NUMBER: (619) 450-7061

| PLAINTIFF(S) / PETITIONER(S): | Mary Loeza et.al. |
|---|---|

DEFENDANT(S) / RESPONDENT(S): JP Morgan Chase Bank NA

LOEZA VS. JP MORGAN CHASE BANK NA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2012-00087455-CU-BT-CTL |
|---|---|

Judge: John S. Meyer                                       Department: C-61

**COMPLAINT/PETITION FILED:** 12/11/2012

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

**COMPLAINTS:** Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 08-12)                                       Page: 1

**NOTICE OF CASE ASSIGNMENT**



Superior Court of California
County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00087455-CU-BT-CTL   CASE TITLE:
Loeza vs. JP Morgan Chase Bank NA

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
>    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
>    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
>    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

---

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Mary Loeza et.al. |
|---|
| DEFENDANT(S): JP Morgan Chase Bank NA |
| SHORT TITLE: LOEZA VS. JP MORGAN CHASE BANK NA |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2012-00087455-CU-BT-CTL |
|---|---|

Judge: John S. Meyer                                                      Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)               ☐ Non-binding private arbitration

☐ Mediation (private)                       ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other *(specify e.g., private mini-trial, private judge, etc.)*: _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                            Name of Defendant

_____        _____
Signature                                    Signature

_____        _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____        _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/12/2012                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

# EXHIBIT B

1   JOHN S. BATTENFELD (SBN 119513)
    e-mail: jbattenfeld@morganlewis.com
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue, 22nd Floor
3   Los Angeles, CA 90071
    T: 213.612.2500 / F: 213.612.2501
4
    S. SEAN KUNDU (SBN 252410)
5   e-mail: skundu@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
6   5 Park Plaza, Suite 1750
    Irvine, CA 92614
7   T: 949.399.7000 / F: 949.399.7001
8   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.
9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12 | MARY LOEZA and ANGIE REVELES, an | Case No.
   | individual, on behalf of themselves, and |
13 | behalf of all others similarly situated, | **DECLARATION OF ROHAN**
   |                                          | **FERNANDES**
14 |          Plaintiffs, |
15 |          vs.         | Complaint Filed:    December 11, 2012
   |                      | Trial Date:         None Set
16 | JP MORGAN CHASE BANK NA, an |
   | unknown business entity, and DOES 1 |
17 | through 100, Inclusive, |
18 |          Defendants. |
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72759496.1

DECLARATION OF ROHAN FERNANDES

## DECLARATION OF ROHAN FERNANDES

I, Rohan Fernandes, declare as follows:

    1.    I currently serve as the Vice President, HR Info - Manager I, for Defendant JP Mortgage Chase Bank, N.A. ("Chase"). I have personal knowledge of the facts stated herein based on my review of Chase employee data in its PeopleSoft database, and if called and sworn as a witness, I could and would testify competently to these facts.

    2.    Chase maintains information about its current and former employees in its PeopleSoft database. The PeopleSoft database is the official record of an employee's job code description while employed by Chase. The PeopleSoft database also includes information about an employee's dates of employment by position, wages, and work location. I have access to this information and have reviewed a report generated from this database of current and former employees with the job code description "LM Underwriter Jr," which is the job code description Chase uses for the position of Loss Mitigation Modification Underwriter in California

    3.    There are approximately 832 employees with the LM Underwriter Jr job code description who worked in California between February 1, 2010 (which is when the job code for the position was first created) and January 8, 2013. Of these employees, 393 are former employees.

    4.    Between February 1, 2010 and January 8, 2013, the 832 employees with the LM Underwriter Jr job code description who worked in California were employed approximately 66,704 weeks in that position. Between December 11, 2011 through January 8, 2013, there were approximately 501 employees with the LM Underwriter Jr job code description who worked in California and were employed approximately 18,509 weeks in that position.

    5.    The average hourly wage for the 832 Loss Mitigation Modification Underwriters is approximately $21.50.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1      DECLARATION OF ROHAN FERNANDES

DB1/ 72759496.1

Page 58

1       6.     Chase pays wages to these Loss Mitigation Modification Underwriters

2   on a bi-weekly basis, for a total of 26 pay periods per year.

3       I declare under penalty of perjury under the laws of the United States and the

4   State of California that the foregoing is true and correct.  Executed on January 12,

5   2013, at Mumbai, India.

6                             Fernandes   12/01/2013

7                           Rohan Fernandes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB1/ 72759496.1

2        DECLARATION OF ROHAN FERNANDES

# EXHIBIT C

## JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

(As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST.  The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND.  The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.  The general business of the Association shall be conducted at its main office and its branches.

THIRD.  The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH.  There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting.  It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH.  The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH. The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors. The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

SEVENTH.   The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.   The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.   These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.


By /s/ James Dimon
James Dimon


By /s/ Frank J. Bisignano
Frank J. Bisignano


By /s/ Steven D. Black
Steven D. Black


By /s/ Michael J. Cavanagh
Michael J. Cavanagh


By /s/ Charles W. Scharf
Charles W. Scharf


By /s/ James E. Staley
James E. Staley


#48681 v4

Page 3 of 3

Page 63

# EXHIBIT D

1  JOHN S. BATTENFELD (SBN 119513)
   e-mail: jbattenfeld@morganlewis.com
2  MORGAN, LEWIS & BOCKIUS LLP                    JAN 11 '13 PM 2:44
   300 South Grand Avenue, 22nd Floor
3  Los Angeles, CA 90071
   T: 213.612.2500 / F: 213.612.2501
4
   S. SEAN KUNDU (SBN 252410)
5  e-mail: skundu@morganlewis.com
   MORGAN, LEWIS & BOCKIUS LLP
6  5 Park Plaza, Suite 1750
   Irvine, CA 92614
7  T: 949.399.7000 / F: 949.399.7001
8  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.
9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   COUNTY OF SAN DIEGO

12

13  MARY LOEZA and ANGIE REVELES,      | Case No. 37-2012-00087455-CU-BT-CTL
    an individual, on behalf of themselves, and |
14  behalf of all others similarly situated,    | CLASS ACTION

15  Plaintiffs,                         | Assigned For All Purposes To:
                                        | The Honorable John S. Meyer
16  vs.                                 | Dept. C-61

17  JP MORGAN CHASE BANK NA, an         | **DEFENDANT JPMORGAN CHASE BANK,**
    unknown business entity, and DOES 1 | **N.A.'S ANSWER TO PLAINTIFFS' CLASS**
18  through 100, Inclusive,             | **ACTION COMPLAINT**

19  Defendants.                         | Complaint Filed:   December 11, 2012
                                        | Trial Date:        None Set
20

21          Defendant JPMorgan Chase Bank, N.A. ("Defendant"), by and through its undersigned

22  counsel, hereby answers the allegations contained in the unverified Class Action Complaint

23  ("Complaint") brought by Plaintiffs Mary Loeza and Angie Reveles (collectively, "Plaintiffs"),

24  on behalf of themselves and others similarly situated, as follows:

25                          **GENERAL DENIAL**

26          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

27  denies each and every material allegation set forth in the Complaint.  Defendant specifically

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
    IRVINE

─────────────────────────────────────────
DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

DB1/ 72736461.5

1  denies that it is in any way liable to Plaintiffs, any putative class or collective action member, or

2  that Plaintiffs, or any putative class or collective action members, have been damaged in any sum

3  or sums, or at all, by reason of any act or omission on the part of Defendant.

**DEFENSES**

Defendant also asserts the following defenses, without admitting any obligations

regarding who bears the burden of proof or persuasion as to any one of them:

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.    The Complaint and each purported cause of action contained therein fail to state

facts sufficient to constitute a cause of action.

**SECOND DEFENSE**

**(Standing)**

2.    The named Plaintiffs fail to satisfy the prerequisites for class or collective action

treatment and, therefore, lack standing and cannot represent the interests of others as to each

purported claim.

**THIRD DEFENSE**

**(Arbitration)**

3.    To the extent Plaintiffs and/or putative class or collective action members have

executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are

barred by their contractual agreement to arbitrate.

**FOURTH DEFENSE**

**(Statutes of Limitations)**

4.    Plaintiffs' claims, and the claims of each putative class or collective action

member defined in the Complaint, or some of them, are barred in whole or in part by the

applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure

§§ 338, 339, 340 and 343; California Business and Professions Code § 17208; California Labor

Code §203; and 29 U.S.C. § 255.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72736461.5

2

DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT
Page 66

1

**FIFTH DEFENSE**

2

**(Failure to Exhaust Internal and Administrative Remedies/Take Necessary Steps)**

3          5.      The claims of Plaintiffs and each putative class or collection action member

4    defined in the Complaint are barred for failure to exhaust internal and/or administrative remedies

5    and/or failed to take necessary steps required by the California Labor Code to initiate this

6    Complaint.

7

**SIXTH DEFENSE**

8

**(Failure to Exhaust Internal and Administrative Remedies/Take Necessary Steps)**

9          6.      The claims of Plaintiffs and each putative class or collection action member

10   defined in the Complaint are barred for failure to exhaust preconditions, including, but not limited

11   to, those under Defendant's individual procedures, PAGA, California Labor Code § 2698, *et seq.*,

12   and the requirement of providing timely and sufficient notice of alleged statutory violations to the

13   California Labor and Workforce Development Agency and to Defendant.

14

**SEVENTH DEFENSE**

15

**(Not Appropriate for Class, Representative, or Collective Action)**

16         7.      The Complaint, and each purported cause of action contained therein, are not

17   proper for treatment as a class, representative, or collective action because, among other reasons:

18   (a) Plaintiffs are inadequate representatives; (b) Plaintiffs cannot establish commonality of

19   claims; (c) Plaintiffs cannot establish typicality of claims; (d) Plaintiffs are not similarly situated

20   to or representative of any current or former employees of Defendant; (e) the individualized

21   nature of Plaintiffs' claims makes class, representative, or collective treatment inappropriate,

22   unmanageable and not superior; and (f) the civil penalty statute pursuant to which Plaintiffs assert

23   their claims requires that they prove Labor Code violation(s) on behalf of each and every

24   allegedly aggrieved employee whom they seek to represent.

25

**EIGHTH DEFENSE**

26

**(Uncertainty)**

27         8.      Plaintiffs' claims, and the claims of each putative class action member, are barred

28   in whole or in part because the Complaint is uncertain in that the purported class definitions are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

1  ambiguous and conclusory.

## NINTH DEFENSE

### (No Ascertainable Class)

9.     The purported class and subclasses that the named Plaintiffs purport to represent, the existence of which is expressly denied, are not ascertainable.

## TENTH DEFENSE

### (Lack Of Knowledge)

10.     Plaintiffs' claims, and the claims of each putative class or collective action member defined in the Complaint, or some of them, are barred to the extent that Defendant had no knowledge of the alleged violations.

## ELEVENTH DEFENSE

### (Estoppel)

11.     Plaintiffs' claims, and the claims of each putative class or collection action member, or some of them, are barred in whole or in part by the doctrine of estoppel, including but not limited to their failure to report hours worked or necessary business expenses they incurred, if any.

## TWELFTH DEFENSE

### (Waiver)

12.     The claims of certain putative class or collection action members are barred in whole or in part because such claims have been waived, discharged, and/or abandoned, or are subject to a covenant not to sue.

## THIRTEENTH DEFENSE

### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

13.     Plaintiffs, and each putative class action member, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

4

1

## **FOURTEENTH DEFENSE**

2

### **(Accord and Satisfaction, Payment)**

3  14.    Plaintiffs' claims, and the claims of the purported class and collective action

4  members defined in the Complaint, or some of them, are barred in whole or in part by the principles

5  of accord and satisfaction, and payment.

6

## **FIFTEENTH DEFENSE**

7

### **(No Waiting Time Penalties)**

8  15.    The Complaint fails to state a claim for waiting time penalties under Labor Code

9  § 203 to the extent that no such penalties can continue after the commencement of an action for

10  the penalties.

11

## **SIXTEENTH DEFENSE**

12

### **(No Entitlement to Jury Trial—Certain Claims)**

13  16.    Plaintiffs and the purported class and collective action members, as defined in the

14  Complaint, are not entitled to a trial by jury of certain of their claims, including their claims under

15  California Business and Professions Code §§ 17200, et seq. and the Private Attorneys General

16  Act.

17

## **SEVENTEENTH DEFENSE**

18

### **(Lack of Standing for Injunctive Relief)**

19  17.    Plaintiffs' Complaint, and each putative cause of action alleged therein, fails to the

20  extent Plaintiffs seek injunctive relief.  Given that Plaintiffs are no longer performing any work

21  for Defendant, there is no ongoing conduct with respect to Plaintiffs that can be subject to

22  injunctive relief.  As such, Plaintiffs lack standing to seek injunctive relief.

23

## **EIGHTEENTH DEFENSE**

24

### **(De Minimis)**

25  18.    The Complaint, and each purported cause of action contained therein, are barred in

26  whole or in part by the *de minimis* doctrine.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5

1

## NINETEENTH DEFENSE

2

### (Failure to Perform Conditions Precedent)

3    19.    Plaintiff and every member of the putative class and/or collective action failed to

4    perform the conditions necessary to give rise to any obligation on the part of Defendant for the

5    payment of any expenses alleged in the Complaint.

6

## TWENTIETH DEFENSE

7

### (Release)

8    20.    The claims of certain putative class or collection action members defined in the

9    Complaint are barred in whole or in part because said claims have been released by the individuals in

10    question.

11

## TWENTY-FIRST DEFENSE

12

### (Laches)

13    21.    Plaintiffs' claims, and the claims of each putative class or collective action

14    member defined in the Complaint, or some of them, are barred in whole or in part by the doctrine

15    of laches.

16

## TWENTY-SECOND DEFENSE

17

### (Unclean Hands)

18    22.    The claims of certain putative member or collective action members defined in the

19    Complaint, are barred in whole or in part by their unclean hands and/or inequitable or wrongful

20    conduct.

21

## TWENTY-THIRD DEFENSE

22

### (Setoff and Recoupment)

23    23.    If any damages have been sustained by Plaintiffs, or by any putative class or

24    collection action member, defined in the Complaint, although such is not admitted hereby or

25    herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and

26    recoupment to offset all obligations of such individuals owed to Defendant against any judgment that

27    may be entered against Defendant.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

6

## TWENTY-FOURTH DEFENSE

### (Overpayment)

24.     To the extent Plaintiffs, or any putative class or collective action members defined in the Complaint, were paid compensation beyond that to which they were entitled while employed by Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

## TWENTY-FIFTH DEFENSE

### (Action Unconstitutional)

25.     Plaintiffs' purported causes of action for violation of California Business and Professions Code §§ 17200 *et seq.* and Labor Code §§ 2698 *et seq.* are barred because their provisions violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SIXTH DEFENSE

### (Avoidable Consequences)

26.     The claims of Plaintiffs and putative class or collective action members defined in the Complaint are barred, or recovery reduced, because:  (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs and putative class or collective action members unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiffs and putative class or collective action members allegedly suffered, if any.

## TWENTY-SEVENTH DEFENSE

### (Adequate Remedy At Law)

27.     Plaintiffs' equitable claims, and those of putative class action members defined in the Complaint, are barred in light of the fact that Plaintiffs and any such putative class action members have an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7

**TWENTY-EIGHTH DEFENSE**

**(Good Faith)**

28.     Pursuant to 29 U.S.C. § 259 and other applicable law, Defendant's alleged failure to pay Plaintiffs or any putative class action members overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

**TWENTY-NINTH DEFENSE**

**(Not Willful)**

29.     Plaintiffs, and any putative class or collection action member defined in the Complaint, are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, California Labor Code Sections 203 and/or the Fair Labor Standards Act, because:  (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiffs.

**THIRTIETH DEFENSE**

**(Due Process/Excessive Fine)**

30.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, as well as similar provisions in the California Constitution.

**THIRTY-FIRST DEFENSE**

**(Constitutional Right to Equal Protection)**

31.     An award of penalties against Defendant would be an unconstitutional denial of Defendant's rights to equal protection under the United States and California Constitutions.

8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72736461.5       DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT
Page 72

1

2

### THIRTY-SECOND DEFENSE
### (PAGA Action Unconstitutional – Due Process)

3

4

5

6

7

32.     Prosecuting a representative action under PAGA, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's rights contained in the United States and California Constitutions, including, but not limited to, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and article I, section 7 of the California Constitution.

8

### THIRTY-THIRD DEFENSE

9

### (PAGA Action Unconstitutional – Separation of Powers Doctrine)

10

11

12

13

14

15

33.     Prosecution of this matter as a representative action under PAGA and/or an award of penalties under PAGA against Defendant would violate the constitutionally based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government by the California Constitution and impermissibly delegated by PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

16

### THIRTY-FOURTH DEFENSE

17

### (Collateral Estoppel/Res Judicata)

18

19

34.     The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

20

### THIRTY-FIFTH DEFENSE

21

### (Improper Delegation of Legislative Authority)

22

23

24

35.     Plaintiffs' claims should be dismissed because the statutory provisions on which their claims are based constitute an improper delegation of legislative authority to an administrative agency.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

9

1

**RESERVATION OF RIGHTS**

2       36.    Defendant reserves the right to assert such additional defenses that may appear and

3   prove applicable during the course of this litigation.

4       WHEREFORE, Defendant prays for judgment as follows:

5       1.    That the Court deny Plaintiffs' requests to certify this action as a class,

6   representative, or collective action;

7       2.    That Plaintiffs and each putative member of the purported class, representative,

8   and collective actions defined in the Complaint take nothing by the Complaint;

9       3.    That the Complaint herein be dismissed in its entirety with prejudice, and that

10   judgment be entered in favor of Defendant and against Plaintiffs on all causes of action contained

11   in the Complaint;

12       4.    That Defendant be awarded its reasonable costs and attorneys' fees incurred by

13   this action, including but not limited to, under Section 218.5 of the California Labor Code;

14       5.    That Defendant be awarded costs of suit herein; and

15       6.    For such other and further relief as the Court deems just and proper.

16

17   Dated: January 11, 2013                MORGAN, LEWIS & BOCKIUS LLP
                                            JOHN S. BATTENFELD
18                                          S. SEAN KUNDU

19

20                                          By
                                            John S. Battenfeld
21                                          Attorneys for Defendant
                                            JPMORGAN CHASE BANK, N.A.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

10

## PROOF OF SERVICE

*Mary Loeza, et al. v. JPMorgan Chase Bank, N.A.*
San Diego Sup. Ct. Case No.: 37-2012-000874555-CU-BT-CTL

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On January 11, 2013, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Irvine, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed  envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Richard E. Quintilone II                          *Attorneys for Plaintiffs*
Jesse M. Bablove
QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100
Lake Forest, CA 92630-4961
Tel: 949.458.9675
Fax: 949.458.9679
Email: REQ@quintlaw.com

David R. Markham
THE MARKHAM LAW FIRM
750 B Street, Suite 1920
San Diego, CA 92101
Tel: 619.399.3995
Fax: 619.615.2067
Email: dmarkham@markham-law.com

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1

p[ X ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[   ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on January 11, 2013, at Irvine, California.

_____
Cindy J. Hachiya

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72791874.1

2

PROOF OF SERVICE

## **PROOF OF SERVICE**

*Mary Loeza, et al. v. JPMorgan Chase Bank, N.A.*
USDC – Southern District Case No.: _____

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On January 14, 2013, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'s NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

[ ]  **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ ]  **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]  **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by Legal Solution Attorney Services, LLC to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ]  **BY ELECTRONIC SERVICE:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 14, 2013. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is mcalvert@morganlewis.com.

1

2

[ X ]     **BY E-FILE**:  I electronically transmitted the document(s) listed above to the
Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
Electronic Filing to the following CM/ECF registrants:

3

4

Richard E. Quintilone II                              *Attorneys for Plaintiffs*
Jesse M. Bablove

5

QUINTILONE & ASSOCIATES
22974 El Toro Road, Suite 100

6

Lake Forest, CA 92630-4961
Tel: 949.458.9675

7

Fax: 949.458.9679
Email: REQ@quintlaw.com

8

9

David R. Markham
THE MARKHAM LAW FIRM

10

750 B Street, Suite 1920
San Diego, CA 92101

11

Tel: 619.399.3995
Fax: 619.615.2067

12

Email: dmarkham@markham-law.com

13

[  ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of

14

California, that the above is true and correct.

15

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of
this Court at whose direction this service was made.

16

Executed on January 14, 2013, at Irvine, California.

17

18

_____

19

Cindy J. Hachiya

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 72791874.1                              PROOF OF SERVICE