DAVID R. MARKHAM, ESQ. (SBN 071814)
DMARKHAM@MARKHAM-LAW.COM
PEGGY J. REALI (SBN 153102)
PREALI@MARKHAM-LAW.COM
**THE MARKHAM LAW FIRM**
750 B STREET, SUITE 1920
SAN DIEGO, CA 92101
TELEPHONE NO. (619) 399-3995
FACSIMILE NO. (619) 615-2067

Attorneys for PLAINTIFF MARY LOEZA and ANGIE REVELES, individually, and on behalf of all employees similarly situated

[Additional counsel list on next page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA and ANGIE REVELES, an individual, on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK NA, an unknown business entity, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 13cv95-L (BGS)<br><br>**CLASS ACTION**<br><br>Hon. James M. Lorenz<br>Courtroom B, Fifth Floor<br><br>**JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER REGULATING CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>Hon. Bernard G. Skomal<br>Magistrate Judge<br><br>**DEMAND FOR JURY TRIAL** |

RICHARD E. QUINTILONE II (SBN 200995)
REQ@QUINTLAW.COM
JESSE M. BABLOVE (SBN 279886)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679

ATTORNEYS FOR PLAINTIFFS


**MORGAN LEWIS & BOCKIUS LLP**
JOHN S. BATTENFELD (SBN 119513)
jbattenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071
Tel.: 213.612.2500
Fax: 213.612.2501


**MORGAN LEWIS & BOCKIUS LLP**
JOHN D. HAYASHI (SBN 211077)
Jhayashi@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel.: 949.399.7000
Fax: 949-399-7001

Attorneys for Defendant

## I. INTRODUCTION

Plaintiffs MARY LOEZA and ANGELA REVELES, and defendant JP MORGAN CHASE BANK, NA, by and through their undersigned counsel, hereby jointly move this Court for an Order to modify the existing Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 13] ("CMC Order") filed on April 8, 2013, and respectfully request that the Court order as follows:

(1) the deadline for Plaintiffs to file their Motion for Class Certification currently scheduled for July 8, 2013, be continued by approximately 75 days, to September 23, 2013, for good cause as set forth below;

(2) the Court order dates by which ( a ) Defendant is to file its Opposition to Plaintiffs' Class Certification Motion (to October 21, 2013); and ( b ) Plaintiffs are to file their Reply brief (to November 18, 2013); and

(3) the Status Conference currently scheduled for September 9, 2013, be continued.

<u>Good cause exists</u> for the parties' good faith request to modify the current CMC Order, as follows:

( 1 ) Despite the parties' due diligence in requesting and responding to discovery, additional time is needed for each party to obtain the information and documents necessary to support its Class Certification briefs;

( 2 ) the parties began the meet and confer process on several discovery issues even before written discovery and FRCP 30(b)(6) deposition notices were formally served;

( 3 ) after service of written discovery responses, the parties continued the meet and confer discussions on a more specific basis;

///

///

( 4 ) after many meet and confer discussions, the parties narrowed down discovery issues and (timely) contacted the Court regarding unresolved discovery issues;

( 5 ) Defendant has been diligent in producing documents to Plaintiff (beginning production of some documents pertaining to Plaintiffs on May 24, 2013 and June 20, 2013). Many documents could not be produced until a Protective Order was in effect (granted on June 7, 2013 [ECF No. 16]), and until the parties continued meet and confer efforts on the scope and availability of requested information.

( 6 ) In addition, the production of additional documents is contingent upon the resolution of potential discovery disputes. Plaintiffs have requested multiple categories of ESI (Agent Desktop; Lender Live; Mortgage Servicing Program; PEGA; Microsoft Outlook's Email, Instant Messaging and Event Viewer; Security Badge Swiping; and Telephone System data) from several different Chase systems, which Chase has gone to great lengths to determine from multiple data sources whether the requested data exists, to what extent, and the cost/burden to retrieve the data. The parties have worked in good faith to narrow and refine these broad ESI requests, and Chase has produced certain categories of ESI as it pertains to named Plaintiffs;

( 7 ) The parties contacted the Court on June 14, 2013 to address discovery issues, and follow up teleconferences with the Court were held on June 17 and June 21, 2013. Many of the issues have been resolved informally with the assistance of the Court. Additional remaining discovery issues are pending, some of which may require formal law and motion. The parties have follow up teleconferences scheduled with the Court on July 8, 2013 and July 25, 2013 to keep the Court informed as to whether the parties have been able to resolve any remaining issues;

( 8 ) It is crucial that Plaintiffs have all documents before taking FRCP 30(b)(6) depositions, and Plaintiffs require time for their consultant to analyze the ESI prior to commencing depositions;

( 9 ) depositions of Plaintiffs and of FRCP 30(b)(6) witnesses are in the process of being scheduled to accommodate the parties' counsel and the witnesses, and are contingent upon the resolution of certain discovery issues, including the production of ESI. Plaintiffs have noticed 30(b)(6) depositions on multiple distinct topics. The parties anticipate commencing depositions on certain topics beginning mid- to late July, and continuing through mid- to late August, which dates will accommodate the witnesses' schedule (one who has just returned from paternity leave). Defendant has noticed the depositions of Plaintiffs, and anticipates taking their depositions during this time frame as well;

( 10 ) one of the discovery issues the parties resolved with the assistance of the Court is the production by Defendant of the contact information of putative class members (15 from each of the three (3) Chase locations). This will be done by random selection. The method to accomplish the random selection is being discussed by the parties. The Court and the parties have worked out a schedule for the progression of the discovery process: Defendant will produce the contact information as agreed to by June 28, 2013. Once the list is obtained, Plaintiffs will contact these individuals by July 19, 2013. The parties will meet and confer about the ESI and other information Defendant will produce pertaining to these putative class members;

( 11 ) The parties have a teleconference with the Court scheduled for July 26, 2013. At this time, the parties will have a better idea of whether additional discovery is at issue. If discovery issues remain, the parties will enlist the Court's assistance in an effort to informally resolve the same.

Should the parties be unable to informally resolve the issues (which at this juncture include whether ESI and other information pertaining to putative class members at the two Chase locations other than San Diego will be produced), then formal law and motion will be necessitated;

( 12 ) with discovery still ongoing and potential discovery issues pending, it would be difficult to meet the CMC Order's July 8, 2013 date for the filing of Plaintiffs' Class Certification Motion. All of the discovery at issue is crucial for Class Certification;

( 13 ) The parties have mutually selected a 75-day continuance for the filing of Plaintiffs' Class Certification Motion because John Hayashi, counsel for Chase, is scheduled to be a on a pre-paid family vacation from October 2 to October 8, 2013. The time period Mr. Hayashi is unavailable would be the time within which Defendant's class certification opposition would be due using a 60-day continuance. Consequently, the parties request a 75-day extension of the July 8, 2103 date for Plaintiffs to file their Class Certification Motion, instead of a 60-day extension.

A detailed chronology of the efforts the parties have undertaken to ensure that discovery moves forward, and that all dates set forth in the CMC Order are met, are set forth below in Section III.

## II. PROCEDURAL POSTURE

The operative CMC Order [ECF No. 13], filed on April 8, 2013, sets the following salient dates:

1. On or before **July 8, 2013**, Plaintiffs shall file their Class Certification Motion.

2. A Status Conference shall be conducted on **September 9, 2013**, at 1:30 p.m.

///

### III. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

The parties have been extremely diligent in the discovery process and in their efforts to meet the Court's July 8, 2013 deadline for the filing of Plaintiffs' Class Certification Motion. Despite the parties' efforts, more time is needed to conduct discovery that is crucial to class certification issues. The parties earnestly began the meet and confer process pertaining to ESI even before the April 8, 2013 CMC Order was issued. The following chronology reflects the parties' diligent efforts in conducting discovery:

02/20/2013 – <u>ENE</u>: Court held an Early Neutral Evaluation Conference. The Order Following Early Neutral Evaluation Conference [ECF No. 8], ordered that the Rule 26(f) conference was to be completed by March 13, 2013; the Initial Disclosures and the Joint Discovery Plan were to be served / filed before March 27, 2013.

03/12/2013 – <u>Rule 26(f) conference</u>: The parties held their Rule 26(f) conference on March 12, 2013, at which ESI issues were discussed.

03/22/2013 – <u>ESI – Detailed Letter to Defendant</u>: As requested by the Court in its ENE Order [ECF No. 8] Plaintiffs sent a detailed letter to Defendant pertaining to ESI they believe (1) was in Defendant's possession and (2) was pertinent to prove the allegations in the complaint. The letter names and describes the following potential ESI data: Agent Desktop; Lender Live; Mortgage Servicing Program; PEGA; Microsoft Outlook's Email, Instant Messaging and Event Viewer; Security Badge Swiping; and Telephone System data. Since this initial written correspondence, the parties have had follow up meet and confer teleconferences as follows: April 9, May 8, May 15, May 31, June 3, June 5, and June 12, 2013.

///

///

04/08/2013 -- <u>CMC</u>: Case Management Conference took place, and the Court issued its CMC Order, which set the deadline for the filing of Plaintiffs' Class Certification Motion for July 8, 2013.

04/09/2013 – <u>Further Meet and Confer on ESI</u>: the parties met and conferred on ESI issues, to follow up on Plaintiffs' March 22, 2013 letter. Several issues required clarification, and Defendant needed more time to determine what ESI was available and the cost / burden to obtain the same.

04/12/2013 – <u>Written Discovery Requests served by Plaintiffs</u>: Plaintiffs serve Special Interrogatories (Set One), and Requests for Production (Set One) (Defendant served its responses on May 23, 2013, after Plaintiffs allow, at Defendant's request, a one-week extension for service of the same).

05/02/2013 -- <u>Written Discovery Requests served by Defendants</u>: Defendant serves Special Interrogatories (Set One), and Requests for Production (Set One) to plaintiffs Mary Loeza and Angela Reveles.

05/08/2013 -- <u>Further Meet and Confer on ESI</u>: the parties further met and conferred on ESI issues, to follow up on Plaintiffs' March 22, 2013 letter (and April 9, 2013 discussions). More issues required clarification, Defendant needed more time to determine some issues, and the parties agreed to reconvene the meet and confer discussions in one week.

05/15/2013 -- <u>Further Meet and Confer on ESI</u>: the parties further met and conferred on ESI issues, to follow up on Plaintiffs' March 22, 2013 letter (and April 9, and May 8, 2013 discussions). Still more issues required clarification, Defendant needed more time to determine some issues (such as what Agent Desktop data contains), and the parties agreed to reconvene the meet and confer in a week.

///

///

05/17/2013 – <u>Plaintiffs' Deposition Notice to Defendant</u>: Plaintiffs serve their Notice of Deposition of Defendant JP Morgan Chase Bank, N.A. Pursuant to FRCP 30(b)(6), setting an initial deposition date of June 5, 2013.

05/23/2013 – <u>Defendant's Responses to Discovery</u>: Defendant serves responses to Special Interrogatories (Set One) and Requests for Production (Set One).

05/24/2013 – <u>Documents Produced by Defendant</u>: beginning May 24, 2013, Defendant began producing documents. As of the date of this filing, Defendant continues to produce documents responsive to Plaintiffs' requests. The production of additional documents needed by Plaintiffs is contingent upon a pending potential discovery dispute, which is being addressed by the parties and by the Court.

05/29/2013 – <u>Meet and Confer on FRCP 30(b)(6) Deposition Topics</u>: upon Plaintiffs' inquiry, Defendant informed that it is not available for depositions on June 5, 2013, as noticed. The parties scheduled a teleconference for May 31, 2013 to discuss FRCP 30(b)(6) deposition topics, ways to clarify, refine, or narrow the subject matter of the topics (including elimination of certain topics through other discovery methods), mutually available dates, and locations for the depositions.

05/31/2013 -- <u>Further Meet and Confer on ESI, as well as FRCP 30(b)(6) Deposition Topics</u>: the parties briefly further met and conferred on ESI issues, to follow up on Plaintiffs' March 22, 2013 letter (and April 9, May 8, and May 15, 2013 discussions), as well as FRCP 30(b)(6) deposition topics, and agreed to resume discussions after the weekend. <u>FRCP 30(b)(6) Depositions</u> -- the parties continued to clarify / narrow the issues for the depositions, and agreed to continue the meet and confer process early in the next week.

06/03/2013 -- <u>Further Meet and Confer on ESI</u>: the parties continue discussions pertaining to ESI data, to follow up on Plaintiffs' March 22, 2013 letter (and April 9, May 8, May 15, and May 31, 2013 discussions). Defendant had additional information, in particular as it pertains to Agent Desktop, Lender Live, MSP, PEGA, emails, Event Viewer and Security Badge Swipe data, and the parties discussed narrowing the scope of data to be produced. The parties agreed to reconvene discussions early in the next week.

06/04/2013 – <u>Plaintiffs' Responses to Discovery</u>: Plaintiffs served responses to Special Interrogatories (Set One) and Requests for Production (Set One).

06/05/2013 – <u>Meet and Confer on FRCP 30(b)(6) Witness Topics</u>: The parties met and conferred again telephonically on FRCP 30(b)(6) witness topics. Defendant agreed that it would produce Plaintiffs' managers from only the San Diego location. Plaintiffs confirmed the necessity for depositions of corporate witnesses to give testimony on Chase policies, practices and procedures as it pertains to all three Chase locations at issue in the case. The parties agree to continue the meet and confer discussions on June 12, 2013.

06/05/2013 – <u>Protective Order filed</u>: after several meet and confer discussions, a Protective Order was agreed to and filed with the court on this date.

06/07/2013 – <u>Court issues Protective Order</u>.

06/11/2013 – <u>Letter from Plaintiffs' Counsel to Defendant Summarizing Meet and Confer Efforts on all discovery</u>: Plaintiffs' counsel sent correspondence to Defendant summarizing the meet and confer efforts to date as to (1) ESI; (2) Defendant's written responses to Special Interrogatories and Requests for Production; and (3) FRCP 30(b)(6) deposition topics.

///

06/11/2013 – <u>Defendant Notices Plaintiffs' Depositions</u>: Defendant notices the depositions of Plaintiffs, for June 19 and June 20, 2013. (Within the next few days, Plaintiffs inform Defendant of their unavailability for those dates).

06/12/2013 -- <u>Further Meet and Confer on ESI / FRCP 30(b)(6) Depositions</u>: the parties continue discussions pertaining to ESI data, to follow up on Plaintiffs' March 22, 2013 letter (and April 9, May 8, May 15, May 31 and June 3, 2013 discussions), as well as their respective positions on FRCP 30(b)(6) depositions, and agree that Court assistance was required to resolve certain issues.

06/14/2013 – <u>Teleconference with the Court</u>: the parties again meet and confer on all topics, before calling Magistrate Judge Skomal's chambers pursuant to the Court's Civil Chambers Rules. A follow up teleconference is scheduled for June 17, 2013;

06/17/2013 – <u>Defense agrees to produce a sampling of 15 putative class members from the three chase locations at issue</u>;

06/17/2013 – <u>Teleconference with the Court</u>: the Court assists the parties to informally resolve several discovery issues. Counsel for the parties need to confer with clients and/or co-counsel; another teleconference with the Court is scheduled for June 21, 2013;

06/20/2013 – <u>Defense serves additional documents in the form of ESI and corporate policies</u>.

///
///
///
///
///

06/21/2013 -- <u>Teleconference with the Court</u>: the Court continues to assists the parties to informally resolve several discovery issues. Counsel for the parties need to confer with clients and/or co-counsel. Follow-up teleconferences are scheduled with the Court on July 8, 2013 (regarding written discovery issues) and July 26, 2013 (regarding the production of ESI and other information as to putative class members from Chase locations other than San Diego). The parties intend to continue the meet and confer process in order to narrow, if not resolve, any remaining discovery issues.

As seen herein, good cause exists to support the parties' request that the CMC Order be modified. The parties began the meet and confer process on discovery issues even before the discovery was formally served, and continued to meet and confer regularly after service of discovery responses, before calling the Court for assistance on June 14, 2013. Additional teleconferences with the Court occurred on June 17 and June 21, 2013. Follow-up teleconferences with the Court are scheduled for July 8 and July 26, 2013. Depositions are in the process of being scheduled, and will take place beginning in mid- to late July, and continue through mid-August. Additional documents are needed before Plaintiffs take FRCP 30(b)(6) depositions, some of which documents are in the process of being produced. Other documents are the subject of an ongoing discovery dispute to which the Court has been alerted, and which may necessitate briefing. All of these factors support the parties' request for a modification of the CMC Order.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing good cause shown, the parties respectfully request that this Court modify the existing Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 13], and order that Plaintiffs' Class Certification Motion is to be filed on or before September 23, 2013; Defendant's Opposition on or before October 21, 2013; and Plaintiffs' Reply to be filed on or before November 18, 2013; and the Status Conference to be scheduled as is appropriate to the Court.

Submitted by:

DATED: June 24, 2013        THE MARKHAM LAW FIRM

By: s/ Peggy J. Reali

Peggy J. Reali
E-mail: preali@markham-law.com
Attorney for Plaintiffs

DATED: June 24, 2013        MORGAN, LEWIS & BOCKIUS
By: s/ John D. Hayashi
John D. Hayashi
E-mail: jhayashi@morganlewis.com
Attorney for Defendant

### Signature Certification

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to John D. Hayashi, counsel for JP Morgan Chase Bank, N.A., and that I have obtained Mr. Battenfeld's authorization to affix his electronic signature to this document.
DATED: June 24, 2013

By: s/ Peggy J. Reali

Peggy J. Reali
E-mail: preali@markham-law.com
Attorney for Plaintiffs