UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA and ANGIE REVELES, *et al.*, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA,<br><br>　　　　　　　　Defendant. | Civil No. 13-cv-95-L(BGS)<br><br>**ORDER GRANTING IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 34-1]** |

　　　The instant Complaint alleges that Defendant failed to pay Plaintiffs overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. In addition, inter alia, it is alleged that Defendant violated the California Labor Code by failing to provide: (1) meal and rest periods, (2) proper itemized wage statements, (3) payment of wages twice monthly, (4) reimbursement for business expenses, (5) proper payment upon termination. Complaint ¶¶ 40-124, ECF No. 1, Ex. A.

　　　Pending before the Court is Defendant's motion for summary judgment. Def.'s Mot. Summ. J., ECF No. 34. The Court found this motion suitable for determination on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). Order re: Oral Argument, ECF No. 47. For the following reasons, the Court **GRANTS IN PART** and

**DENIES IN PART** Defendant's motion.

## I.     BACKGROUND

Named Plaintiffs Mary Loeza and Angie Reveles ("Plaintiffs") were Loss Mitigation Junior Underwriters at Defendant JP Morgan Chase Bank, N.A.'s ("Chase") San Diego facility from 2010 until 2012, when they were terminated for poor performance. *See* Loeza Dep. 31:13-15, 204:20-25, ECF No. 38-3, Ex. 7; Reveles Dep. 42:23-25, 266:17-19, ECF No. 38-2, Ex. 6. Loeza's manager and supervisor at Chase explained to her that according to Chase policy, she (1) was required to record all ours she worked, including overtime, (2) that she was prohibited from working off-the-clock, and (3) that she would be subject to discipline if she worked off-the-clock. Loeza Dep. 153:7-24. Reveles indicated that she was required to record her hours in Chase's computer system, including her start time, lunch time, and when she stopped for the day. Reveles Dep. 139:17-25.

On December 12, 2012, Plaintiffs filed a class action complaint in state court alleging ten causes of action: (1) failure to pay overtime under FLSA 29 U.S.C. §§ 206, 207, (2) failure to pay overtime compensation, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to provide itemized statements, (6) failure to pay wages twice monthly, (7) failure to reimburse business expenses, (8) failure to pay wages upon termination of employment, (9) unlawful competition and unlawful business practices, and (10) violation of the Private Attorneys General Act (PAGA). Compl., ECF No. 1. On January 14, 2013, the action was removed to this Court. Notice of Removal, ECF No. 1. On November 22, 2013, Chase filed the instant motion for summary judgment.

## II.    LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

#### A. The Fair Labor Standards Act and Plaintiff's Off-The-Clock Claims

Chase first argues that "Plaintiffs cannot prove Chase knew or should have known they were working off-the-clock," therefore entitling Chase to summary judgment. Def.'s Mot. Summ. J. 11. Specifically, Chase argues that it did not know, and had no reason to know, that Plaintiffs worked off the clock. *See id.* Plaintiffs contend that they present enough evidence to demonstrate a genuine issue of material fact regarding whether Chase knew or should have known about Plaintiffs' off-the-clock work. Def.'s Opp'n 5-15, ECF No. 45. For the following reasons, the Court agrees with Plaintiffs.

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739, (1981). "Under the FLSA, no employer shall employ any of its covered employees for a work week that is longer than 40 hours, unless that employee receives as compensation for his employment at least one and a half times the regular rate for all overtime hours." *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir.1981) (citing 29 U.S.C. § 207(a)). "The FLSA is a remedial statute that is 'to be liberally construed to apply to the furthest reaches consistent with Congressional direction.'" *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1010 (9th Cir.2011) (citing 29 U.S.C. § 207(a)).

"[A]n employer who knows or should have known that an employee is or was working overtime is obligated to pay overtime ... even if the employee does not make a claim for the overtime compensation." *Lindow v. United States*, 738 F.2d 1057, 1060–61 (9th Cir.1984) (internal quotation marks and citation omitted). "However, where an employer has no

knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Forrester*, 646 F.2d at 414.

The Court finds that there are triable issues of fact as to whether Chase had actual knowledge of Plaintiffs' uncompensated off-the-clock overtime hours. Plaintiffs produce evidence that Loeza's supervisor Holli Williams sat facing Loeza, less than 12 feet away. Loeza Decl., ECF No. 45-3, Ex. 10. This is evidence that Chase would know when Loeza was working off-the-clock or during her meal breaks. Williams' denied being able to see Loeza when she was working, saying that "when she was seated at her desk, she could not see what [Loeza] was doing" and that she "would have to stand up and walk to [Loeza]'s cubicle to see what she was doing." Williams Decl. ¶ 3, ECF No. 38-8, Ex. 15. Chase manager Matthew Libby also sat near Loeza and could have seen her working after her shift ended. Loeza Decl., Ex. 1. Loeza recalls Libby observing her "working off the clock an average of two times per week," Loeza Decl., ¶ 5, and Chase fails to produce any evidence to refute this claim.

Plaintiffs present similar evidence that Reveles' desk was within feet of supervisor Susan Englert's desk. Reveles Decl. ¶¶ 7, 9, 10, ECF No. 45-4, Ex. 3; This evidence contradicts Englert's assertions that she "had no idea that [Reveles] was working off-the-clock." Englert Depo. ¶ 2, ECF No. 38-7, Ex. 10. Thus, both parties have presented evidence on the issue of whether Chase had actual knowledge that Plaintiffs were working overtime, creating issues of material fact to be decided at trial.

In addition, the parties have produced evidence that raise issues of material fact with respect to Chase's constructive knowledge that Plaintiffs were working off-the-clock. First, the evidence of Plaintiffs' proximity to their supervisors and Chase managers supports Plaintiffs' position, that due to this proximity, the Defendants should have known they were working off-the-clock, even if Chase did not actually know. Moreover, both named Plaintiffs report that they worked off-the-clock to finish their work, even if the time was not authorized. Loeza Depo. 133:2-7; Reveles Depo. 186:13-17, 146:24-147:1. Reveles explained that she worked off-the-

clock without reporting overtime because she needed the extra time to do her job.  Reveles Depo. 199:8-11, 267:14-19.  Although Reveles' deposition is redacted, it is clear from context that she was concerned that she could not do her job and "complete [her] files" without overtime, but as a rule, overtime was not allowed.  *See* Reveles Depo.  146:1-14.  When she asked her supervisor how she could complete her assigned work without incurring overtime, the supervisor told her "just do what you can."  *Id.* at 146:1-9.  Reveles was convinced that it was unrealistic to just do what she could.  *Id.* at 146:8-9.

Such evidence tends to show that Plaintiffs were discouraged from reporting overtime.  The existence of a culture that discourages reporting overtime may support an inference that an employer knew of its employees' failure to report overtime.  *See Abbe v. City of San Diego*, Nos. 05cv1629, 06cv538, 2007 WL 4146696, at *9 (S.D. Cal. Nov. 9, 2007) (Sabraw, J.)

In addition, Plaintiffs have produced evidence that their supervisors had access to time records that they could have accessed and reviewed to determine whether employees were working off the clock.  Williams Depo. II 26:25-27:5, Ex. 6; Kelley Depo. 81:16-24, Ex. 1; Englert Depo. 35:15-25, 36:1-4, Ex. 4; Parsley Depo. 151:22-152:5, Ex. 8.  Chase produces contradicting evidence of supervisors saying they had no idea Plaintiffs worked off-the-clock.  Because the Court cannot make credibility determinations or weigh evidence at this stage, summary adjudication is not warranted on the issue of constructive knowledge[1].  *See Anderson*, 477 U.S. at 255.

In light of the foregoing, Chase's motion for summary judgment with respect to Plaintiffs' FLSA claims is **DENIED**.

---

[1] The Court notes that Chase relies heavily *Forrester*, arguing that "where an employer has no knowledge that an employee is engaging in overtime work **and** that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation. . . ." 646 F.2d at 414 (emphasis added).  However, Chase fails consider the conjunctive nature of this rule.  That is, an employer must have no knowledge, constructive or otherwise, of an employee's off the clock work in order for the rule to apply.  Here, as outlined in detail above, there are many factual issues that need to be resolved regarding Chase's knowledge.

**B.     Plaintiff's California State Law Meal and Rest Break Claims**

"State law obligates employers to afford their non-exempt employees meal periods and rest periods during the workday." *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1018 (2012). "Labor Code section 226.7, subdivision (a) [,] prohibits an employer from requiring an employee 'to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.'" *Id.* (footnote omitted). "In turn, Wage Order No. 5, subdivision 11, as well as section 512 of the Labor Code, prescribes meal periods." *Id.* In *Brinker*, the California Supreme Court held

> An employer's duty with respect to meal breaks under both section 512, subdivision (a) and Wage Order No. 5 is an obligation to provide a meal period to its employees. The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so.... On the other hand, the employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay under Wage Order No. 5, subdivision 11(B) and Labor Code section 226.7, subdivision (b).

Id. at 1040–41.

Chase argues that their evidence shows "that no one at Chase ever told Plaintiffs to skip meal or rest periods or otherwise denied them meal or rest periods." Def.'s Mot. Summ. J. 18; Loeza Decl. 101:2-6; Reveles Decl. 273:3-19, 313:15-21. Plaintiffs present evidence that they were skipping their breaks to keep up with their production and avoid being fired. Loeza Depo. 21:7-13, 26:20-27:1, 157:13-158:11, Reveles Depo. 67:19-68:2. This evidence creates conflicting inferences as to whether Chase actually provided a reasonable opportunity to take breaks. *See Brinker*, 53 Cal.4th at 1040–41. The conflicting evidence here creates a genuine issue of material fact as to whether HSL adequately provided meal and rest periods that are in compliance with IWC Wage Order No. 5 and California Labor Code § 512.

Accordingly, the Court **DENIES** Chase's motion regarding provision of meal and rest periods.

//
//

### C.  Plaintiffs' Business Expense Claims

Chase argues that summary judgment should be granted with respect to Plaintiffs' seventh cause of action for unpaid business expenses because both Plaintiffs concede that they have no basis for this claim. The Court agrees. *See* Loeza's Response to Interrogatory No. 8; Loeza Depo. 322:4-10; Reveles 109:23-110:8, 346:13-247:8; JSUF ¶¶ 40, 41, ECF No. 48. Therefore, Chases's motion is **GRANTED** with respect to Plaintiffs' seventh cause of action, and that cause of action is **DISMISSED WITH PREJUDICE**.

### D.  Plaintiffs' Wage Statement Claim

Chase argues that Plaintiffs' fifth, sixth, eighth, ninth, and tenth causes of action should fail as they derive from Plaintiffs' off-the-clock and meal and rest break claims. Def.'s Mot. Summ. J. 20. However, because the Court has found that those foundational claims do not fail as a matter of law, Plaintiffs' allegedly derivative claims likewise do not fail. So, to the extent Chase argues these derivative claims fail, its motion is **DENIED**.

Chase next argues that Plaintiff's wage statement claim independently fails as a matter of law. Specifically, Chase contends that the relevant code section requires employers to accurately describe the monies that are being paid at the time of each payment of wages, it does not require employers to describe the money not being paid. Def.'s Mot. Summ. J. 21. Plaintiffs claim cannot survive, according to Chase, because "Plaintiffs cannot dispute that wage statements they received accurately showed the section 226(a) information with respect to what was paid based on the time they recorded." *Id.* In addition, Chase claims that Plaintiff cannot demonstrate the requisite "injury as a result of a knowing and intentional failure by an employer to comply with [Section 226(a)]." *Id.*

California Labor Code § 226 requires "employers [to] provide accurate itemized statements of wages to their employees" that contain certain statutorily mandated information. *Morgan v. United Retail Inc.*, 186 Cal. App.4th 1136, 1143 (2010). However, an employer is only liable for damages as a result of failing to furnish conforming wage statements to employees that "suffer[ ] injury as a result of a knowing and intentional failure by an employer to

comply with [section 226(a) ]." Cal. Lab. Code § 226(e). Therefore, "a plaintiff must establish two elements to recover damages under section 226:(1) that a defendant's wage statements violated one of the enumerated requirements in section 226(a), and (2) that the violation was 'knowing and intentional' and resulted in 'injury' to the plaintiff." *Alonzo v. Maximus, Inc.*, 832 F. Supp.2d 1122, 1134 (C.D. Cal. 2011) (emphasis in original).

"The injury requirement in section 226, subdivision (e), cannot be satisfied simply if one of the nine itemized requirements in section 226, subdivision (a) is missing from a wage statement." *Price v. Starbucks Corp.*, 192 Cal. App.4th 1136, 1142 (2011) (citing *Jaimez v. DAIOHS USA, Inc.*, 181 Cal. App.4th 1286, 1306 (2010)). "[T]he statute requires that an employee may not recover for violations of section 226, subdivision (a) unless he or she demonstrates an *injury* arising from the missing information." *Id.* at 1142–43 (emphasis in original). "[T]he types of injuries on which a § 226 claim may be premised include the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 374 (C.D. Cal. 2009) (internal quotation marks omitted).

Because this claim arises from unreported and uncompensated overtime, the Court cannot determine whether Chase is liable under § 226 without first determining whether it failed to compensate Plaintiffs for overtime. In other words, if Chase is found liable for failing to compensate for overtime, then it could also be liable under several of the enumerated § 226 injuries in Ortega, such as the possibility of not being paid overtime, confusion over whether Plaintiffs received all wages owed to them, and forcing Plaintiffs to make mathematical computations to reconstruct their overtime hours. *See Ortega*, 258 F.R.D. at 374. However, if Chase is not liable for failing to pay overtime—and assuming that the actual wage statements contained the nine itemized requirements in § 226—Plaintiffs were paid for everything that they reported, and Chase would not be liable under § 226.

Plaintiffs' FLSA claims remain unresolved, and thus, so does their § 226 claim.

Therefore, the Court **DENIES** Chase's motion with respect to the itemized-wage-statement claim.

### E.  Plaintiffs' Waiting Time Penalty Claim

Chase next argues that Plaintiffs waiting time penalty claims should be dismissed because Loeza "admitted she had already been paid a waiting time penalty for the short delay in payment of her final wages" and because "a good faith dispute exists as to whether Plaintiffs are owed any additional wages." Def.'s Mot. Summ. J. 22, 23.

First, Plaintiffs do not dispute that Loeza admitted she had already been paid a waiting time penalty. This is supported by the record. Loeza Decl. 303:6-16. Therefore, the Court **GRANTS IN PART** Chase's motion and **DISMISSES** Loeza's waiting time penalty claim **WITH PREJUDICE.**

Second, this Court finds that a trier of fact could find that Chase's alleged failure to follow and implement California wage law, despite knowing of the changes that occurred, and despite the level of sophistication found, is evidence of willfulness. *See Barnhill v. Robert Saunders & Co.*, 125 Cal. App.3d 1, 7 (1981). Considering the evidence in the light most favorable to Plaintiffs, this Court finds that there is a genuine dispute as to whether Chase acted willfully when it allegedly failed to pay waiting penalties. Accordingly, the Court **DENIES** Chase's motion for summary judgment regarding waiting time penalties for Reveles and the class.

### F.  Plaintiffs' PAGA Claim

Chase contends that Plaintiffs' PAGA claim is barred by the applicable one-year statute of limitations. Def.'s Mot. Summ. J. 23. Specifically, Chase argues that Plaintiffs did not provide the requisite notice to the California Labor and Workforce Development Agency in time. *Id.* at 24. However, Plaintiffs provide evidence that they gave notice of their claims to the LWDA on October 29, 2012, well within one year of the termination dates of Loeza (August 30, 2012) and Reveles (March 12, 2012). Certified Letter to LWDA, ECF No. 45-1, Ex. 9. Faced

with evidence defeating their motion, Chase attempts to change the grounds of its motion and claim that Plaintiffs failed to give Chase the requisite notice under the statute.  Def.'s Reply 10. This, of course, is improper.  Therefore, Chase's motion with respect to Plaintiffs' PAGA claims is **DENIED**.

### G. Plaintiffs' Class Claims

Because only one of the named Plaintiffs' claims have been dismissed in their entirety, Chase's motion to dismiss class claims is **GRANTED IN PART** and **DENIED IN PART**.  All class claims remain, apart from the seventh cause of action for business expenses.

## IV.  CONCLUSION

In light of the foregoing, Chase's motion is **GRANTED IN PART** and **DENIED IN PART**.  Further, it is **ORDERED** that:

1. Chase's motion is **GRANTED** with respect to Plaintiffs' seventh cause of action and Loeza's waiting time penalty claim, and these claims are **DISMISSED WITH PREJUDICE**.

2. Chase's motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

DATED: September 30, 2014

_____
M. James Lorenz
United States District Court Judge