Richard E. Quintilone II (SBN 200995)
*req@quintlaw.com*
Alvin B. Lindsay (SBN 220236)
*abl@quintlaw.com*
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, California 92630-4961
Tel.: (949) 458-9675
Fax: (949) 458-9679

David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Peggy J. Reali (SBN 153102)
*preali@markham-law.com*
Janine R. Menhennet (SBN 163501)
*jmenhennet@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, California 92101
Tel.: (619) 399-3995
Fax: (619) 615-2067

Attorneys for Plaintiffs and Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA and ANGIE REVELES, individuals, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA, an unknown business entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 13-cv-00095-L-BGS<br>CLASS ACTION<br>Hon. M. James Lorenz<br>Action Filed: December 11, 2012<br><br>**DECLARATION OF RICHARD E. QUINTILONE, II ESQ. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:           February 1, 2016<br>Courtroom    5B<br><br>Trial Date: None Set |

# DECLARATION OF RICHARD E. QUINTILONE, II

I, Richard E. Quintilone, II, Esq. hereby declare as follows:

1.   I am an attorney duly licensed to practice law in all courts in the State of California and am principal and founder of Quintilone & Associates, counsel for Plaintiffs and Class Representatives Mary Loeza and Angie Reveles ("Plaintiffs").

2.   I am one of the attorneys most familiar with the contents of the file in this matter, and if called upon as a witness, I would and could competently testify thereto.  I submit this Declaration in support of the concurrently filed Plaintiffs' Motion for Final Approval of Class Action Settlement.

3.   Plaintiffs and Defendant JP Morgan Chase Bank NA ("Chase" or "Defendant") entered into a Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), a copy of which is provided at **Exhibit A** to the Declaration of class co-counsel, David Markham, Esq. (Dkt. #67-2) in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") (Dkt. #67).

4.   In support of the Motion for Preliminary Approval, Class Counsel has provided a description explaining: (1) the background and events of this action; (2) the contributions of Plaintiffs and Class Counsel to it; (3) the discovery and actions completed by the parties; (4) Class Counsel's calculation of maximum potential liability and damages available in this action; and (5) Class Counsel's allocation of the Settlement funds.  (See Markham Decl., Dkt. #67-2; see also Quintilone Decl., Dkt. # 67-3).

5.   Plaintiffs also filed their Motion for Approval of Attorneys' Fees and Costs and Plaintiffs' Service Enhancement (Dkt. #71) on **October 22, 2015**.   In support of that Motion, Class Counsel submitted Declarations addressing the qualifications of counsel, the requested awards for attorneys' fees and costs, and the contributions of the Plaintiffs as Class Representative justifying their requested Service Enhancement awards, along with providing further details regarding the

1
*Loeza et al. v. JP Morgan Chase Bank,* Case No. 13-cv-95-L-BGS
Quintilone Declaration ISO Plaintiffs' Motion for Final Approval of Class Action Settlement

Settlement, its administration, and Class Counsel's grounds for determining the Settlement to be reasonable. (See Markham Decl., Dkt. #71-2; Quintilone Decl., Dkt. #71-6). My prior Declarations, at both Dkt. # 67-3 and #71-6, are also hereby incorporated by reference into this declaration.

**Background and Experience of Quintilone & Associates as Class Counsel**

6. I graduated from Old Dominion University in 1995 and received my law degree from the Chapman University School of Law in 1998. I was admitted to the California bar in 1999. Prior to forming Quintilone and Associates, I worked with the national labor and employment defense firm of Fisher & Phillips and with some of southern California's preeminent trial lawyers at Horton, Barbaro & Reilly. Afterwards, I was an associate with the insurance defense firm of Hollins Schechter working with large multi-party cases in their construction defect, environmental and employment practice areas. I am currently a member of the Orange County and Los Angeles County Bar Associations, Orange County Employment Lawyers Association and Orange County Trial Lawyers as well as the California Consumer Attorneys and both the National and California Employment Law Attorneys Associations.

7. I regularly appear in trial Courts across the state as well as this Court, and I am experienced and qualified to evaluate the Class claims, to evaluate settlement versus trial on a fully informed basis and to evaluate the viability of the defenses. Class Counsel have practiced law for over 30 years, have focused their practices on wage and hour class actions, and have cumulatively been appointed Class Counsel or co-Class Counsel in more than 60 class actions and have obtained substantial recoveries for over 500,000 employees through these cases.

8. For the last sixteen (16) years I have worked on primarily complex business and class action employee and consumer based litigation. I have had numerous contested class action cases certified and have also successfully obtained a published decision. I have started over twenty cases in trial, with most settling after opening statement or during

2

*Loeza et al. v. JP Morgan Chase Bank,* Case No. 13-cv-95-L-BGS
Quintilone Declaration ISO Plaintiffs' Motion for Final Approval of Class Action Settlement

1 the proceedings. I have tried five cases to verdict with a jury. I conducted a class action
2 trial with a jury empaneled that settled during trial. I genuinely enjoy what I do as an
3 attorney. Some of our successes include:

4   A. <u>Defendant Champps Restaurant</u>. Back in 2005, Plaintiffs filed a Complaint
5 against Champps Operating Corporation, Champps Americana Restaurant & Bar and
6 Champps Restaurant and Bar, a single location restaurant, on behalf of themselves and
7 other similarly situated employees. The complaint contained causes of action for failure
8 to pay overtime compensation, unlawful business practices, failure to provide meal
9 periods, failure to provide rest periods, failure to provide itemized wage statements, failure
10 to pay wages upon termination of employment, failure to pay minimum wages. (violations
11 of Labor Code sections 1194, 226.7, 512, 203 as well as California Business & Professions
12 Code section 17200). After vigorous litigation, Quintilone & Associates was able to
13 resolve the claims for the class.

14   B. <u>Miller v Ruth Chris Steak House.</u> Orange County ("OC") California Superior
15 Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal
16 and rest break case (as well as other related allegations). Class Certification granted and
17 claim resolved in 2006 for $1,625,000. More than 800 employee class members.

18   C. <u>Poirot v. Champps</u>. OC Superior Court – Civil Complex Center. This Class
19 Action asserted claims for unpaid overtime, meal and rest break case (as well as other
20 related allegations) violations. Class certification was approved in June 2007. 752
21 employee class members.

22   D. <u>Defendant XYZ Restaurant Chain.</u> (Confidential Defendant) $1,400,000 2007:
23 Plaintiffs filed Complaints against a chain of seafood restaurants on behalf of themselves
24 and a purported class of similarly situated employees. The Complaints claimed failure to
25 provide meal periods, rest periods and overtime compensation to front and back of house
26 non-exempt employees in accordance with the California Labor Code, waiting time
27 penalties under California Law, failure to provide accurate wage statements, and unlawful
28

1 provisions of compensatory time violation of Business and Professions Code section
2 17200.

3     E. <u>Kareotes v. GMAC</u>. (Ditech.com) OC Superior Court – Civil Complex Center.
4 This class action asserted claims for unpaid overtime, unpaid commissions, meal and rest
5 break case (as well as other related allegations). More than 90 employee class members.
6 Class Certification granted May 2008.

7     F. <u>Huggett v. Red Robin</u>. United States District Court ("USDC") in the Central
8 District of California. This Class Action asserted claims for unpaid overtime, meal and
9 rest break case (as well as other related allegations). Class Certification was granted on
10 July 30, 2008. More than 3,700 employee class members.

11     G. <u>Cosic .v Lonestar Steakhouse & Saloon</u>. OC Superior Court – Civil Complex
12 Center. This class action asserted claims for unpaid overtime, meal and rest break
13 violations and derivative claims. More than 1,637 hourly employees Certification granted
14 March 23, 2009.

15     H. <u>Jackson v. Tharaldson Lodging.</u> USDC Central District California. Lead
16 counsel in a wage & hour class action that asserted claims for unpaid overtime, off the
17 clock work, meal and rest break violations (as well as other related allegations).
18 Approximately 2,000 employee class members. Certification granted September 30,
19 2009.

20     I. <u>Bracamonte v. May Company</u>. OC Superior Court – Civil Complex Center. Lead
21 counsel in this contested and certified class action asserted claims for waiting time
22 penalties with multiple writs and appeals. Class Certification granted December 1, 2009.
23 863 employee class members.

24     J. <u>Johanson v. Home Loan Center aka Lending Tree</u>. OC Superior Court – Civil
25 Complex Center. This class action asserted claims for unpaid overtime, meal and rest
26 break case (as well as other related allegations) violations. Class certification was
27 approved in December 2008 for a settlement of $2,500,000. More than 1,800 employee
28 class members.

4
*Loeza et al. v. JP Morgan Chase Bank,* Case No. 13-cv-95-L-BGS
Quintilone Declaration ISO Plaintiffs' Motion for Final Approval of Class Action Settlement

K. <u>Estevez v. Fox Sports Grill.</u> OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 500 hourly employees Certification granted 2010.

L. <u>Bordier v. AT&T.</u> LASC. Lead counsel in a wage & hour class action focusing expense reimbursement and other related claims. Used joint statistical and survey evidence. Class Certification granted May 18, 2010.

M. <u>Wu v. Bank of America.</u> Los Angeles Superior Court ("LASC"). Wage & hour class action focusing expense reimbursement and other related claims. Used joint statistical and survey evidence. Over 2,300 class members. Class Certification granted September 3, 2010. After considerable efforts by counsel and the class representatives, Bank of America agreed to settle the matter for $16.65 million.

N. <u>Le-Nguyen Lewis v. Aramark.</u> USDC Central District California. Counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clock work, meal and rest break violations (as well as other related allegations) Approximately 23,000 employee class members. Certification granted October 13, 2010.

O. <u>Rivero v. Schaefer Ambulance.</u> LASC. Lead counsel in a wage & hour class action seeking overtime, off the clock work, meal and rest period pay and expense reimbursement. Class Certification granted November 2010. Over 850 class members.

P. <u>Negrete v. Parker Hannifin.</u> OC Superior Court – Civil Complex Center. Lead counsel in this class action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations) violations. Class certification approved in May 2011 for more than $3.2 Million. More than 4,000 employee class members.

Q. <u>Farfan v. UDR</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 800 hourly employees Certification granted August 12, 2011.

R. <u>Hernandez v. Norm Reeves Acura</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and

1  derivative claims. More than 170 hourly employees Certification granted August 11, 2011.

S. <u>Le v. Hyundai Motor America</u>. OC Superior Court – Civil Complex Center. Lead counsel for wage and hour class action. Final approval granted on September 7, 2011.

T. <u>Nguyen v. Sperian Honeywell.</u> OC Superior Court – Civil Complex Center. Lead Counsel in a wage and hour class action. Final Approval granted on June 18, 2012. 239 class members benefited by the settlement.

U. <u>In re BCBG Wage & Hour Cases.</u> OC Superior Court – Civil Complex Center. Co-lead counsel. This class action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations) violations. Class certification approved summer 2012. More than 5,000 employee class members.

V. <u>In re AutoZone Cases.</u> USDC Northern District California, MDL action. Counsel on a contested certification motion with certification granted December 21, 2012. This class action asserts claims for unpaid overtime, meal and rest break case (as well as other related allegations) More than 20,000 employee class members. This case is headed to trial October 27, 2016.

W. <u>Micciche v. Schneider Electric</u>. USDC Central District California. Lead counsel in this certified class action asserted claims for overtime, off the clock work, meal and rest break violations as well as derivate claims for waiting time penalties. Class Certification granted on January 9, 2013. Over 260 employee class members benefitted.

X. <u>Skifstrom v. Americare</u>. LASC. Wage and hour class action focusing on meal and rest period claims and unpaid overtime. Final Approval granted on February 25, 2013.

Y. <u>Cerami v. MetLife Bank</u>. USDC Central District California. Class Counsel for a wage and hour class action focusing on unpaid wages and overtime. Motion for Final approval was granted on February 4, 2013.

1      Z. <u>Wong v. Toni & Guy</u>. OC Superior Court – Civil Complex Center. Lead counsel for wage and hour class action. Final approval granted on April 16, 2013. 195 class members benefitted.

    AA. <u>Nguyen v. Sechrist.</u> OC Superior Court – Civil Complex Center. Lead counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clock work, meal and rest break violations as well as other derivative claims. Approximately 65 employee class members. Certification granted July 3, 2013.

    BB. <u>Nguyen v. Phillips Electronics</u>. USDC Central District California. Lead counsel in this certified class action asserted claims for overtime, off the clock work, meal and rest break violations as well as derivate claims for waiting time penalties. Class Certification granted on October 29, 2013. 900 employee class members benefitted.

    CC. <u>Kieu v. Mag Instrument, Inc.</u> County of San Bernardino. Rancho Cucamonga Court. Wage and hour class action focusing on unpaid wages and unpaid overtime wages. Final approval granted on December 17, 2013. Over 1,000 class members were benefitted by the settlement.

    DD. <u>Ma v. Covidien</u>. USDC Central District California. Lead counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clockwork, meal and rest break violations as well as other derivative claims. Approximately 974 employee class members. Certification granted June 3, 2014.

    EE. <u>Felix v. AAA</u>. OC Superior Court – Civil Complex Center. Co-lead counsel in this contested and certified class action that proceeded to a jury trial and asserted claims for unpaid overtime, off the clock work, meal and rest period violations, waiting time penalties and other derivative claims with removal, remand, multiple writs and appeals. Class Certification granted February 9, 2012, Trial June 2013, Final Approval.

    FF. <u>Alcaraz v. San Bernardino.</u> San Bernardino Superior Court. In a rare case of a class action brought against a Government entity for <u>Labor Code</u> violations for failure to reimburse necessary school supplies and expenses under <u>Labor Code</u>

1  section 2802 as well as a breach of written employment contract. Final Approval
2  granted **September 22, 2015**. Over 385 employee class members benefited.

3     GG. Burson v. Best Western. Santa Cruz Superior Court, Civil Division. Wage
4  and hour class action focusing on unpaid wages and unpaid overtime wages. Final
5  approval granted on **September 10, 2015**. Over **180** class members were benefitted
6  by the settlement.

7     HH. Rubio v. Rialto Concrete. San Bernardino Superior Court. Wage and
8  hour class action focusing on unpaid wages, second meal periods, expense
9  reimbursement and unpaid overtime wages. Final approval granted on **September
10  10, 2015**. Over 324 class members were benefitted by the settlement.

11     9.   Senior Attorney Mr. Lindsay from my office devoted over 25 hours to
12  the case. Mr. Lindsay has focused his employment practice on wage and hour class
13  action litigations, and was a senior attorney for a well-respected employment class
14  action firm for over four years before joining Quintilone & Associates. He has been
15  the attorney with primary responsibility for litigating over 50 complex class actions
16  under the California Labor Code and unfair competition laws, and has prevailed for
17  his clients in all aspects of motion practice, including summary judgments, motions
18  on the pleadings and coordination proceedings, class certification, and discovery and
19  pre-trial motions. Mr. Lindsay has achieved superior results for the thousands of
20  plaintiffs and Class Members he has represented, recovering more than $20 million
21  in settlement funds on behalf of his clients for wage and hour claims. Mr. Lindsay
22  began his law practice by concentrating on intellectual property matters, first with the
23  oldest intellectual property boutique firm in Los Angeles and then with a respected
24  firm in San Francisco, where he primarily focused on patent infringement litigation.
25  Mr. Lindsay has attended to the daily prosecution and litigation of complex civil cases
26  from filing to trial for over twelve years. Mr. Lindsay graduated cum laude from
27  Whittier Law School in 2001, where he was Executive Editor of the Whittier Law
28  Review. Prior to attending law school, Mr. Lindsay graduated from the United States

Military Academy at West Point, and is proud to have been a Radio West Point disc jockey. Mr. Lindsay then served as an Army Corps of Engineers officer for 10 years in various stateside and overseas postings. He is a veteran of Operation Desert Shield and Storm, and his military decorations include the Meritorious Service Medal. Mr. Lindsay has litigated and appeared before all levels of courts, including California Superior Courts, complex civil panels, Courts of Appeal, United States District Courts, and the Ninth Circuit. He has been admitted for over twelve years in California courts and district courts, including the Central and Northern Districts.

10. I do not believe I have any conflicts of interest with the Class or with the Class Representatives. I am not related to any representative Plaintiff. I have not previously represented Defendant in any matter. I respectfully submit that I and Quintilone & Associates are well-suited to act as Class Counsel in this action, and we will continue to vigorously represent the interests of the class.

11. Based upon my experience and that of Quintilone & Associate in class action litigation, I share the view that this is a fair and reasonable settlement in light of the complexities of the case and the uncertainties of class certification and litigation, and I believe Class Counsel and the Plaintiffs have achieved a fair and reasonable result for the Participating Class Members.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct. Executed this **4th day of January, 2016** at Lake Forest, California.

Dated:  January 4, 2016              **QUINTILONE & ASSOCIATES**

                                     By:  s/ Richard E. Quintilone, II
                                          Attorneys for Plaintiffs
                                          E-mail:  req@quintlaw.com