# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA and ANGIE REVELES, an individual, on behalf of themselves, and behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>JPMORGAN CHASE BANK NA, an unknown business entity, and DOES 1 through 100, Inclusive,<br><br>      Defendants. | Case No. 13-cv-95-L (BGS)<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

To: All persons who are and/or were employed by JPMorgan Chase Bank, N.A. in the position of LM Underwriter Jr. at a California location between December 11, 2008 through August 18, 2015:

**PLEASE READ THIS NOTICE CAREFULLY
IT MAY AFFECT YOUR LEGAL RIGHTS
YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

### I. INTRODUCTION

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court for the Southern District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on **February 1, 2016 at 11:00 a.m.** to determine whether the Settlement should be granted final approval. Records of JPMorgan Chase Bank, N.A. ("Chase") show that you were employed as an LM Underwriter Jr. at a California location at some time during the period between December 11, 2008 through August 18, 2015, and therefore are a Settlement Class Member in this Action ("Class Member").  As a Class Member, you may be entitled to money under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to:  (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

### II. SUMMARY OF THE ACTION

Plaintiffs Mary Loeza and Angie Reveles ("Plaintiffs") filed a complaint against Chase alleging claims under California law and the Fair Labor Standards Act ("FLSA") for alleged unpaid overtime based on off-the-clock work, meal/rest period violations, inaccurate wage statements, failure to pay wages twice monthly, unreimbursed business expenses, waiting time penalties, and unfair competition, on behalf of a putative class of LM Underwriter Jrs. in California.  Plaintiffs seek damages, restitution, statutory penalties, civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), and other relief.

Chase denies any liability or wrongdoing of any kind in connection with Plaintiffs' claims, and asserts that it has had, during all relevant times, a policy strictly prohibiting off-the-clock work, and that Class Members have been paid for all time worked and all wages due.  Defendant also asserts that it has had, during all relevant times, policies providing meal and rest breaks to Plaintiffs and Class Members in accordance with California law.  Chase also asserts that its itemized wage statements accurately contain all required information under the law, and that Class Members were reimbursed for reasonable and necessary business expenses as required by California law.  Chase also asserts that a significant number of Class Members agreed to individually arbitrate any and all claims, and that a significant number of Class Members agreed to release the claims at issue in this Action in exchange for valuable consideration.

The Court granted preliminary approval of the Settlement on August 18, 2015 on behalf of a settlement class defined as:

> All persons who are and/or were employed by Chase in the position of LM Underwriter Jr. at a California location between December 11, 2008 and the August 18, 2015.

At that time, the Court also preliminarily approved Plaintiffs Mary Loeza and Angie Reveles to serve as Class Representatives, and The Markham Law Firm and Quintilone & Associates to serve as the lawyers for the Class Members ("Class Counsel").

The Court also scheduled a Final Approval Hearing on the Settlement at 11:00 a.m. on February 1, 2016, in Courtroom 5B, U.S. District Court, Southern District of California, located at 221 West Broadway, Schwartz Courthouse, San Diego, CA 92101, at

which time the Court will decide whether to grant final approval of the Settlement.

## III.  SUMMARY OF SETTLEMENT TERMS

Settlement Amount.  Chase has agreed to pay an amount not to exceed $950,000 (the "Maximum Settlement Amount") to settle the claims in the Action.  This Maximum Settlement Amount includes, but is not limited to, all settlement payments to Class Members who make claims, Class Counsel's attorneys' fees and litigation costs, all Claims Administration Expenses, all applicable taxes (but not including Chase's share of said taxes), payment to the California Labor and Workforce Development Agency ("LWDA"), and Service Enhancements to the Class Representatives, as outlined below.  The amount remaining after subtracting attorneys' fees and costs, Claim Administration Expenses, payment to the LWDA and Service Enhancements is the Net Settlement Amount available for distribution to Class Members.

Claims Administration and Other Payments.  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- Claims Administration. Payment to the Claims Administrator, estimated to be approximately $12,000, for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments.

- Attorneys' Fees and Litigation Costs.  Payment to Court-approved Class Counsel of reasonable attorney fees not to exceed $285,000 as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses actually incurred in connection with the Action, not to exceed $35,000.  Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- Service Enhancements to Plaintiffs Reveles and Loeza.  A Service Enhancement not to exceed $5,000 to Plaintiff Reveles and $15,000 to Plaintiff Loeza to compensate them for services on behalf of the Class in initiating and prosecuting the action.  This payment is in addition to the Class Member Awards Plaintiffs are eligible to receive as Class Members.

- Payment to LWDA.  A payment of $1,875 will be made to the LWDA for LWDA's portion of the Settlement allocated to civil penalties under the Labor Code Private Attorneys General Act, Lab. Code §§ 2698 *et seq*.

- Reserve Fund.  A Reserve Fund in the amount of $10,000 will be set aside in order to make payments for late claims, disputed settlement allocations, inadvertent errors or exclusions, and/or to resolve other disputes.  Chase will not be required to pay any unclaimed amounts of the Reserve Fund that remain ninety (90) days after the Effective Date of the Settlement.

Calculation of Individual Settlement Amounts. Class Members will be divided into Subclasses depending on whether he or she is subject to (1) an arbitration agreement; (2) a release of claims; (3) both an arbitration agreement and a release of claims; or (4) neither an arbitration agreement nor release of claims.  The Claims Administrator will calculate each Class Member's potential share of the Net Settlement Amount (i.e., the Class Member's Individual Settlement Amount) by calculating the Applicable Workweeks worked by the Class Member during the Class Period.  The Individual Settlement Amount allocation for each Class Member shall then be determined based on the number of Weighted Applicable Workweeks for each Class Member.  A Class Member's Weighted Applicable Workweeks shall be calculated based on whether the Class Member is a member of the No Arbitration/No Release Subclass, Arbitration Subclass, Release Holder Subclass, or Arbitration and Release Subclass.  The Applicable Workweeks shall be multiplied by a number to achieve the Weighted Applicable Workweeks, as follows:  No Arbitration/No Release Subclass: 100% of the Class Member's Applicable Workweeks; Arbitration Subclass: 30% of the Class Member's Applicable Workweeks; Release Holder Subclass: 20% of the Class Member's Applicable Workweeks; and Arbitration and Release Subclass: 15% of the Class Member's Applicable Workweeks. The total of the Weighted Applicable Workweeks shall be divided into the Net Settlement Amount to achieve a weekly Settlement Amount.  Each Individual Settlement Amount shall be calculated by multiplying a Class Member's Weighted Applicable Workweeks times the weekly Settlement Amount.  Only Class Members who have properly filed a completed Claim Form by the deadline ("Qualified Claimants"), will be entitled to receive a payment pursuant to the Settlement.  Payments to Qualified Claimants shall be subject to the Minimum Qualified Claimant Settlement Amount of 55% of the Net Settlement Amount.  If the payments to Qualified Claimants aggregate to an amount that is less than the Minimum Settlement Amount, the difference between the total aggregate Individual Settlement Amounts payments to Qualified Claimants and the Minimum Settlement Amount will be re-allocated to Qualified Claimants on a pro rata basis.  Defendant will not be required to pay any unclaimed amounts above the Minimum Qualified Claimant Settlement Amount.  If the conditions of the Settlement (as described in this Notice) are met, and if the Court grants final approval of the Settlement, then settlement checks will be mailed to Qualified Claimants.

<u>Tax Matters.</u>  Settlement payments to Qualified Claimants shall be allocated as follows:  unpaid wages (50% of each settlement payment) and non-wages (50% of each settlement payment).  Qualified Claimants must pay their own portion of payroll and income taxes on the 50% of each settlement payment that is unpaid wages, and such amounts will be withheld from settlement payments.  Qualified Claimants must also pay income taxes on the 50% of each settlement payment that is non-wages, and shall be exclusively liable for any and all such tax liability, if any.  Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

<u>Releases.</u>  Upon Final Approval of the Settlement, each Class Member who has not opted out of the Settlement ("Settling Class Member") shall be deemed to have fully, finally, and forever released the Releasees (as defined in the Settlement Agreement) from any and all claims that accrued or accrue between December 11, 2008 and August 18, 2015 based on his or her employment in California as an LM Underwriter Jr. for any alleged failure to pay all wages due (including overtime), failure to pay for all hours worked (including off-the-clock work), failure to provide meal and rest periods, failure to timely pay wages and final wages, failure to reimburse business expenses, and/or failure to furnish accurate wage statements, including but not limited to claims for recovery of overtime pay, minimum wage, premium pay, and penalties under any legal theory, including claims derivative and/or related to these claims, including under California Labor Code §§ 201, 202, 203, 204, 210, 221, 222, 222.5, 223, 224, 225.5, 226, 226.3, 226.7, 227, 227.3, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2698 *et seq.*, and 2802, California's Wage Orders, and the California Business & Professions Code ("Class Member Released Claims").  Settling Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

All Settling Class Members shall be bound by this Release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount.  All Settling Class Members who submit a valid Claim Form shall also release any and all claims under the Fair Labor Standards Act ("FLSA"), including but not limited to claims under 29 U.S.C. § 206, 211(c) and 215(a), including liquidated damages, whether known or unknown, based on their employment in California as an LM Underwriter Jr., that accrued or accrue prior to the date the Settling Class Member signed the Claim Form.  Provided, however, that only those Settling Class Members who sign Claim Forms which have the FLSA release language set forth therein shall release claims under FLSA.

<u>Conditions of Settlement.</u>  This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

## IV. RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Claim Form and mail the completed form **postmarked by no later than** November 6, 2015 to the Claims Administrator at the following address:

*Loeza v. JPMorgan Chase Bank* Claims Administration Center
c/o Simpluris, Inc.
PO Box 26170
Santa Ana, CA 92799
Telephone: (877) 645-1926

**If you do not return the enclosed Claim Form post-marked by the deadline, you will not be eligible to receive any portion of the settlement funds**.  You may send the Claim Form to the Claims Administrator via United States mail.  If you choose to do so, you may also elect to send the Claim Form to the Claims Administrator via certified mail, and take care to retain the receipt for proof of mailing.

The Claim Form lists the Subclass you are a member of, the estimated number of weeks you worked in the LM Underwriter Jr. during the Class Period, and the Weighted Applicable Workweeks used to calculate your estimated share of the Settlement based on your Subclass.  If you believe the information listed on the Claim Form is incorrect, you may submit a challenge in writing to the Claims Administrator indicating your belief as to the correct information.  You must also send the Claims Administrator any documents or other information that supports your challenge to the information on the Claim Form.  The Claims Administrator will use records of Chase and any information you provide to resolve any dispute about your employment data. All such challenges must be postmarked by November 6, 2015 or they will not be considered.

Class Members who do not submit a Claim Form, or who do not file a Claim Form by the deadline, **will not receive any money** from the Settlement.  **Class Members who do not submit a Claim Form by the deadline will still be bound by the Releases in**

the manner described above, unless they opt out in accordance with the procedure described below.

## V.   RIGHT TO OPT OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive no money from the Settlement, and you will not be bound by its terms or release any of your claims**.  To opt out, you must submit a signed, written statement to the Claims Administrator stating that you want to be excluded from the Settlement ("Exclusion") post marked no later than November 6, 2015.  Exclusions that are post-marked after the Claims Period, or are unsigned by the Class Member, will be rejected, and Class Members submitting late Exclusions shall be bound by the Settlement and its applicable releases but will not be considered Qualified Claimants and will not receive settlement payments.  If you submit both a Claim Form and an Exclusion within the deadline, the Claim Form will control, the Exclusion will be invalid, and you will be considered a Qualified Claimant, regardless of the date on either document or the date the documents are postmarked.

## VI.   RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement.  Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before November 6, 2015.  At the same time, copies of objections must also be personally served to Class Counsel and counsel for Chase at the following addresses:

| Class Counsel: | Counsel for Chase: |
|---|---|
| David R.Markham, Esq. | John S. Battenfeld, Esq. |
| Peggy J. Reali, Esq. | Morgan, Lewis & Bockius LLP |
| THE MARKHAM LAW FIRM | 300 South Grand Avenue |
| 750 B Street, Suite 1920 | Twenty-Second Floor |
| San Diego, CA 92101 | Los Angeles, CA  90071-3132 |
| | |
| Richard E. Quintilone II | John D. Hayashi |
| QUINTILONE & ASSOCIATES | MORGAN, LEWI S& BOCKIUS LLP |
| 22974 El Toro Road, Suite 100 | 5 Park Plaza, Suite 1750 |
| Lake Forest, CA 92630-4961 | Irvine, CA  92614 |

All objections or other correspondence must state the name and number of the case, which is *Loeza v. JPMorgan Chase Bank*, S.D. Cal. Case No. 13-CV-95-L-BGS.  If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement.  If you have filed a timely objection, you may also appear at the Final Approval Hearing scheduled for February 1, 2016 at 11:00 a.m., in Courtroom 5B, U.S. District Court, Southern District of California, located at 221 West Broadway, Schwartz Courthouse, San Diego, CA 92101.  Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties, above, on or before November 6, 2015.  Any Class Member or purported Class Member who fails to file and serve timely written objections in this manner shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and from filing any appeal from any Final Approval order issued by the Court.

## VII.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at 11:00 a.m. on February 1, 2016 in Courtroom 5B, .S. District Court, Southern District of California, located at 221 West Broadway, Schwartz Courthouse, San Diego, CA 92101.  The Hearing may be continued without further notice. **You are not required to attend the Final Approval Hearing, although any Class Member has the right to attend the hearing.**  You have the right to retain your own attorney, at your own expense, to submit an objection or appear on your behalf at the Final Approval Hearing.

## VIII.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims Administrator or Class Counsel with any concerns or questions regarding the Settlement.  You may also see the pleadings, the Stipulation of Settlement, and other papers filed in the Action by visiting the office of the Office of the Clerk for the U.S. District Court, Southern District of California, or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

*Loeza, et al. v. JPMorgan Chase Bank, N.A.*
U.S. District Court, Southern District of California, Case No. 13-CV-95-L-BGS

## SETTLEMENT CLAIM AND CONSENT TO JOIN FORM

«Barcode»   «BarcodeString»
    SIMID  «SIMID»
    «FirstName» «LastName»
    «Address1» «Address2»
    «City» «Abbrev»  «Zip»

Name/Address Changes:
_____
_____
_____

(_____)  _____
Area Code      Home Telephone Number

*In order to receive your Individual Settlement Amount if the Settlement is finally approved by the Court, you must complete all requested information, sign, date and return this form, postmarked no later than November 6, 2015, using the included return envelope or addressed to:*

*Loeza v. JPMorgan Chase Bank* Claims Administration Center
c/o Simpluris, Inc.
PO Box 26170
Santa Ana, CA 92799
Telephone: (877) 645-1926

**IF YOU DO NOT RETURN THIS FORM POSTMARKED BY NOVEMBER 6, 2015, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY SHARE OF THE SETTLEMENT FUNDS.**

Chase's records show that you are a member of the «MERGED_Subclass» Subclass, and that you were employed by Chase in California in the position of LM Underwriter Jr. during the Class Period for «MERGED_WW_CALC» workweeks, which is equivalent to «MERGED_Weighted_WW_CALC» weighted workweeks.  It is estimated that each weighted workweek will be worth $26.33 in calculating your Individual Settlement Amount.

If you believe the data listed above is incorrect, you may submit a challenge in writing to the Claims Administrator, at the address listed above.  You must also send the Claims Administrator any documents or other information that supports your challenge.  The Claims Administrator will use records of Chase and any information you provide to resolve any dispute about your Subclass membership or covered workweeks.  All such challenges must be postmarked no later than November 6, 2015.

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

## CERTIFICATION OF ELIGIBILITY AND CONSENT TO JOIN

I submit this Settlement Claim and Consent to Join Form in accordance with the terms of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), described in the Notice of Settlement of Class Action Lawsuit ("Notice"), and submit to the jurisdiction of the U.S. District Court for the Southern District of California with respect to my claim in this action and for purposes of enforcing the Class Member Released Claims as set forth in the Settlement Agreement and Notice. I acknowledge that by submitting this Settlement Claim and Consent to Join Form, I will be eligible for a settlement payment and will be bound by and subject to the terms of any judgment that may be entered in this class action.

My signature below certifies that I have read the Notice in this lawsuit, and understand that I hereby and forever release and discharge the "Releasees" from the "Class Member Released Claims" as specified in the Settlement Agreement. I understand that I am providing the Releasees with a full and complete release of any and all claims described in the Notice and Settlement Agreement, known or unknown, which I may have against the Releasees, including claims under the Fair Labor Standards Act ("FLSA"). I hereby consent in writing to become a party plaintiff for settlement purposes only in the above action pursuant to Section 16(b) of the FLSA, and authorize Class Counsel (as defined in the Settlement and Notice) to act on my behalf in all matters relating to this action, including the settlement of my claims.

**I declare under penalty of perjury under the laws of the State of California and the United States of America that the information I have provided in this Settlement Claim and Consent to Join Form is true and correct.**

Dated: _____, 2015         _____
                                          Signature



No. 9 Envelope Front



No. 9 Envelope Back





No. 10 Envelope Front

Loeza v. JP Morgan Chase Bank
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799-9834

**PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID
SIMPLURIS INC**

No. 10 Envelope Back

