# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA and ANGIE REVELES, individuals, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA, an unknown business entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 13-cv-00095-L-BGS<br>CLASS ACTION<br>Hon. M. James Lorenz<br>Action Filed: December 11, 2012<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: February 1, 2016<br>Courtroom 5B<br><br>Trial Date: None Set |

# ORDER

This Motion for Final Approval of the Class Action Settlement in this action by Plaintiffs Mary Loeza and Angie Reveles ("Plaintiffs"), on behalf of themselves and all others similarly situated, was set for hearing on **February 1, 2016**, at 11:00 a.m. in Courtroom 5 of the United States District Court, Southern District of California. By agreement of counsel and no class members having filed objections to the proposed settlement or appearing for the hearing, the matter was submitted on the papers. (*See* doc. no. 83.)

The settlement in the above-referenced Action is set forth by Defendant JP MORGAN CHASE BANK NA ("Defendant") and Plaintiffs (together, the "Parties"), in the Parties' Joint Stipulation of Settlement and Release, that was executed on various dates in **March of 2015** (the "Settlement" or "Settlement Agreement") and which was provided to the Court at **Exhibit A** to the Declaration of David R. Markham in support of the Motion for Preliminary Approval (Dkt. #67-2).

Plaintiffs sought approval of the Settlement through the Motion for Preliminary Approval. After reviewing the Settlement, and pursuant to the Motion for Preliminary Approval, the Court preliminarily approved the Settlement in an order dated **August 18, 2015** at Dkt. # 70 (the "Order Granting Preliminary Approval").

In accordance with the Order Granting Preliminary Approval, and in compliance with due process, a Notice Packet was sent to each Class Member by first-class mail. The Notice Packet consisted of a Notice of Settlement of Class Action Lawsuit ("Notice") and Settlement Claim and Consent to Join Form ("Claim Form"). These papers informed Class Members of the terms of the Settlement, the right of Class Members to participate in the Settlement, the right of Class Members to object to the Settlement, the right of Class Members to request exclusion from the Class and pursue their own remedies, and the right of Class Members to appear in

person or by their own counsel at the final approval hearing and be heard regarding approval of the Settlement.

The Motion for Final Approval seeks final approval of the Settlement and entry of judgment that shall bind each Class Member other than those who validly request exclusion from the Settlement and shall operate as a full release and discharge of Released Claims (as defined in the Settlement Agreement).

The Court having received and considered the Settlement, the lack of any objections to the Settlement or exclusions from it, and the record in this case, including the evidence and argument received by the Court before entering the Preliminary Approval Order and in support of the motion for final approval of class action settlement,

**THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. The Settlement of the above-mentioned class action as embodied in the Joint Stipulation of Settlement and Release ("Settlement Agreement") (attached as **Exhibit A** to the Declaration of David R. Markham in support of the Motion for Preliminary Approval (Dkt. #67-2)) is fully and finally approved. The Settlement is hereby incorporated by reference, and, except as otherwise specified herein and for purposes of this Order Granting Final Approval of Class Action Settlement ("Final Approval Order"), the Court adopts all defined terms set forth in the Settlement.

2. The following Settlement Class remains properly certified as a class action for settlement purposes only: "All persons who are and/or were employed by JPMorgan Chase Bank, N.A. in the position of LM Underwriter Jr. at a California location from **December 11, 2008** through the Date of Preliminary Approval (**August 18, 2015**)." The following Subclasses remains properly conditionally certified for settlement purposes only:

    A. "Release Holder Subclass": Any member of the Settlement Class who, according to Defendant's records, signed a release of his or her individual

claims against Defendant for the period covering his or her employment as an LM Underwriter Jr. in California (through a Release Agreement, severance agreement, or otherwise), but is not subject to an agreement to arbitrate with Defendant.

        B.    "Arbitration Subclass": Any member of the Settlement Class who, according to Defendant's records, is subject to an agreement to arbitrate with Defendant, but did not sign a release of claims against Defendant (through a Release Agreement, severance agreement, or otherwise).

        C.    "Arbitration and Release Subclass": Any member of the Settlement Class who, according to Defendant's records, signed a release of claims against Defendant and is subject to an agreement to arbitrate claims with Defendant.

        D.    "No Arbitration/No Release Subclass": Any member of the Settlement Class who, according to Defendant's records, is not a member of the Release Holder Subclass, Arbitration Subclass, or Arbitration and Release Subclass.

3. Plaintiffs shall continue in their roles as Class Representatives and Class Counsel shall continue in its role as class counsel with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and which are reasonably necessary to consummate the Settlement.

4. The notice procedure preliminarily approved by the Court and as carried out by the Settlement Administrator afforded adequate protections to Class Members. The notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5. The Settlement falls within the range of reasonableness and is presumptively and actually valid. The terms of the Settlement are fair, reasonable and adequate to the Class, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Federal Rule of Civil Procedure 23.

6. The Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations and was achieved with the aid of an

experienced mediator. The Settlement was entered into in good faith as to each Class Member.

7. Plaintiff's attorneys are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate, which further supports the Settlement.

8. The nature of the claims, the amounts paid under the Settlement, the allocation of Settlement proceeds among the Class Members and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial all support the Court's decision granting final approval.

9. The following factors also support the decision granting final approval: the risk, expense, complexity and likely duration of further litigation; the risk of attaining and maintaining class action status throughout the proceedings; and the extent of discovery completed and the stage of the proceedings.

10. The amounts agreed to be paid by Defendant, including the Settlement Payments to be paid to Class Members as provided for by the Settlement, are fair and reasonable under the facts of this case.

11. The reaction of the Class Members to the proposed Settlement further supports the Court's decision granting final approval. No Class members objected to the Settlement and no Class members opted out of the Settlement, as detailed in the Supplemental Declaration submitted by the Settlement Administrator, Michael Bui of Simpluris, in support of the Final Approval Motion.

12. The Settlement is hereby finally approved in all respects and the Parties are hereby directed to perform the same according to its terms.

13. Payment to Class Members pursuant to the Settlement is fair, reasonable, adequate and appropriate. Payment to Class Members from the Net Settlement Amount shall be made in accordance with the Settlement, and Settlement

Class Members (i.e., all Class Members who did not submit valid Requests for Exclusion) will be bound by the Settlement and Judgment entered by the Court.

14. Payment to the California Labor and Workforce Development Agency of $1,875.00 as its share of the settlement of civil penalties in this case is fair, reasonable, adequate and appropriate. Payment of that amount shall be paid from the Maximum Settlement Amount in accordance with the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

15. The fees, expenses and any other costs of Simpluris in administering the Settlement, in the amount of $12,000, are fair and reasonable. Payment of that amount shall be paid out of the Maximum Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally and completely compensate Simpluris for all fees, expenses and any other costs in administering the Settlement.

16. Based upon application by Class Counsel and Plaintiffs, the Court will separately consider the motion for Service Enhancements in the amount of $15,000 to be awarded to Plaintiff Mary Loeza and $5,000 to be awarded to Plaintiff Angie Reveles (in addition to any recovery that they may receive as a Class Member under the Settlement) for their efforts and the risks they undertook on behalf of the Class Members. Any order entered regarding Plaintiffs' request for an award of their Service Enhancements shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Final Judgment.

17. Based upon application by Class Counsel, the Court will separately approve the motion for attorneys' fees to Class Counsel in the amount not to exceed 30% of the Maximum Settlement Amount, i.e. $285,000, and for attorneys' costs not to exceed $35,000, pursuant to the Joint Stipulation and Settlement Agreement. Any order entered regarding Plaintiffs' and Class Counsel's request for an award of attorneys' fees and costs shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Final Judgment.

18. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order.

19. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

20. The releases and covenants not to sue by the Class Representatives (Plaintiffs) and Class Members, as set forth in the Settlement (at ¶ 65 of the Settlement Agreement) and in the Class Notice, are approved and are hereby incorporated by reference and made a part of this Order as though fully set forth herein. As more specifically set forth in the Settlement Agreement, by operation of the entry of this Order and Judgment and pursuant to the Settlement Agreement, Settlement Class Members waive the Released Claims as set forth in the Settlement, which are barred pursuant to this Order, and Settlement Class Members are permanently barred and enjoined jointly and severally from prosecuting against Defendants and Released Parties any and all of the Settlement Class Member's Released Claims. The Court finds that no Class Members opted out of the Settlement and its Releases by submitting a valid and timely request for exclusion from the Settlement.

21. By means of this Final Approval Order, final judgment is entered, dismissing this Action with prejudice. The judgment shall bind each Settlement Class Member. The judgment shall operate as a full release and discharge of Released Claims. All rights to appeal this Order or the judgment have been waived except as specifically permitted in the Settlement.

22. Without affecting the finality of this Final Approval Order in any way, the Court reserves and retains exclusive and continuing jurisdiction of all matters relating to the interpretation, construction, administration, implementation, effectuation and enforcement of this Order and the Settlement.

23. The Parties are hereby ordered to implement and comply with the terms of the Settlement. Notice of entry of this Order and the ensuing final judgment shall be given to Class Counsel on behalf of Plaintiff and all Settlement Class Members. It shall not be necessary to send notice of entry of this Order or the ensuing final judgment to Class Members.

24. Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context. This Settlement is not a concession or admission and shall not be used or construed against Defendant or any of the Releasees defined in the Stipulation of Settlement as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Releasees. In the event the Settlement does not become effective in accordance with the terms of the Settlement or the Settlement is not finally approved, or is terminated, cancelled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement

25. This Action is hereby dismissed with prejudice, each side to bear its own costs and fees (including attorneys' fees) except as provided by the Settlement Agreement, and Defendant shall not be required to pay any amounts other than as set forth in the Settlement Agreement and this Order, and in no event any amount above the Maximum Settlement Amount.

**IT IS SO ORDERED.**

Dated: February 10, 2016

_____
Hon. M. James Lorenz
United States District Judge