UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOEZA et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:13-cv-00095-L-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND PLAINITFFS' SERVICE ENHANCEMENTS** |

In this wages and hours action, the Court has approved a class action settlement (doc. no. 84). Pending before the Court is Plaintiffs' Motion for Approval of Attorneys' Fees and Costs and Plaintiffs' Service Enhancements.[1] Defendants did not file an opposition. Although class members received notice of the terms of the settlement,

---

[1] It appears that Plaintiffs also seek approval of a $12,000 disbursement to Simpluris, Inc. for administering the class notice and settlement. (*See* Mem. of P&A (doc. no. 71-1) at 2.) Because this disbursement has already been approved in the Order Granting Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (doc. no. 84 at 6), it is not addressed herein.

including attorneys' fees, litigation expenses, costs, and Plaintiffs' service enhancements, none have objected. (*See* Supp. Decl. of Michael Bui Regarding Notice and Settlement Administration (doc. no. 80-5, "Bui Decl.") ¶ 10; Bui Decl. Ex. A (doc. no. 80-6, "Class Notice") at 2.) For the reasons which follow, the motion is granted in part and denied in part.

## Attorneys' Fees

Class counsel seek 285,000 in attorneys' fees. The settlement agreement allows for this amount without objection from Defendant, and the request was noticed to the class. (*See* Decl. of David R. Markham in Supp. of Pls' Unopposed Mot. for Prelim. Approval of Class Action Settlement, Ex. A (doc. no. 67-2, "Settlement Agreement") ¶62.A; Class Notice at 2.)

"[A]ttorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citing Fed. R. Civ. Proc. 23(h)). "The award of attorneys' fees in a class action settlement is often justified by the common fund or statutory fee-shifting exceptions to the American Rule, and sometimes[, as here], by both." *Id*. California Labor Code §226(e) makes an award of reasonable attorney's fees mandatory to an employee suffering an injury cognizable under §226(a). *See Harrington v. Payroll Entm't Servs., Inc.*, 160 Cal.App.4th 589 (2008). In addition, California Labor Code §2699(g)(1) provides for attorney's fees for actions brought pursuant to the Private Attorneys General Act, Cal. Lab. Code §2698 *et seq.*; *see also Villacres v. ABM Indus., Inc.,* 189 Cal.App.4th 562, 578 (2010).

Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941. Two different methods for calculating reasonable attorneys' fees have been approved depending on the circumstances -- the lodestar method and percentage-of-recovery method. *Id*. at 941-42.

Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method. Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar. Applying this calculation method, courts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award, providing adequate explanation in the record of any "special circumstances" justifying a departure. [] Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result.

*Id*. at 942 (internal quotation marks and citations omitted); *see also Staton v. Boeing Co.*, 327 F.3d 938, 965- 71 (9th Cir. 2003).

Class Counsel seek attorneys' fees of $285,000, based on 30% of the common fund of $950,000, and a lodestar of approximately $741,000.

In setting the amount of common fund fees, the district court has a special duty to protect the interests of the class. On this issue, the class's lawyers occupy a position adversarial to the interests of their clients. [T]he district court must assume the role of fiduciary for the class plaintiffs. Accordingly, fee applications must be closely scrutinized. Rubber-stamp approval, even in the absence of objections, is improper.

*Staton*, 327 F.3d at 970 (internal quotation marks and citation omitted).

Here, awarding 30% of the common fund is reasonable in light of the lodestar. The Court uses the lodestar method to cross-check whether awarding more than the 25% benchmark is reasonable.

The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. Though the lodestar figure is "presumptively reasonable," the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors.

*Bluetooth*, 654 F.3d at 941-42 (citations omitted).

Class Counsel provided declarations and billing statements in support of their fee request. (Decl. of David R. Markham (doc. no. 71-2) Ex. 1; Decl. of Richard E. Quintilone II (doc. no. 71-6) Ex. B). Two firms represented the class. The Markham Law Firm employed four attorneys: David R. Markham, name partner, who billed 38[2] hours to this case at a rate of $695 per hour; Peggy J. Reali, with over twenty years in legal practice, who billed 434.5 hours at a rate of $575; associate Janine Menhennet with over sixteen years of civil litigation experience, who billed 68 hours at a rate of $450; and associate Maggie Realin with approximately six years of legal experience, who billed 214 hours at a rate of $375. Quintilone and Associates employed two attorneys and legal support staff: Richard Quintilone with over sixteen years of experience, who billed 503 hours at a rate of $600 per hour; Alvin Lindsay with over fourteen years of experience, who billed 152.5 hours at a rate of $250; and paralegal and law clerk staff who billed 165 hours at a rate of $90. Based on surveys of California civil litigation billing rates (*see* Markham Decl. Ex. 3; Quintilone Decl. Ex. C), the hourly rates are on the high end of the reasonable range for attorneys practicing in San Diego.

A total of 1,575 hours were billed to this case for a total of amount of $741,435.50. Upon review of the time records and the court's docket sheet for this case, the number of hours billed is reasonable, given that the case settled after discovery and a highly contested summary judgment motion. The average hourly rate for the entire action is approximately $471, which is reasonable in the context of this case.

Based on the foregoing, the lodestar for this action is $741,435.50. However, class counsel seek to recover only $285,000, or approximately 38.5% of the lodestar. Although this is more than 25% of the settlement value, the requested amount is reasonable. The class counsel represented the class on a purely contingent basis.

---

[2] The hours are rounded to the nearest one-half hour, and dollar amounts are rounded to the nearest dollar.

Furthermore, the result obtained for the class is substantial, considering the class would have to overcome several potentially viable defenses. For example, the class comprised of many class members who would have faced significant challenges to recovery, because they had signed either a release, arbitration agreement, or both upon employment termination. *See, e.g., AT&T Mobility v. Concepcion,* 563 U.S. 333 (2011) (arbitration clauses with class action waivers not unconscionable); *Iskanian v. CLS Transp. Los Angeles, LLC,* 59 Cal.4th 348 (2014) (arbitration clauses with class action waivers enforceable in the employment context).

In addition, it would be difficult to certify a class action or prevail on the merits of the overtime claim, because Defendant's only formal policy on the issue is to disallow unreported overtime work. *See, e.g., Wang v. Chinese Daily News., Inc.,* 737 F.3d 538, 543-44 (9th Cir. 2013) (discussing the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) under *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011))*; Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum),* 53 Cal.4th 1051-52 (2012) (discussing the burden and difficulty of proving employer's formal written policy contrary to alleged *de facto* policy); *In re Autozone, Inc. Wage and Hour Empl. Practice Litig.,* 289 F.R.D. 526, 546-47 (N.D. Cal. 2012) (no commonality when employer's formal written policy contrary to alleged *de facto* policy).

Despite these obstacles, for the total of 827 class members, the recovery averages approximately $708 per member, with the highest award amounting to approximately $4,855. In light of the foregoing, the Court finds that the requested fees are fair and reasonable.

**Litigation Expenses**

The class counsel requests $22,018.21 in costs, including filing fees, depositions, expert and mediation fees, and travel expenses. This less than the $35,000 provided for in the Settlement Agreement (¶62.A) and noticed to the class members (Class Notice at 2). Upon review of the costs and expenses documented in itemized billing sheets (*see* Markham Decl. Ex. 1 at 69-70; Quintilone Decl. Ex. A), and in light of the stage of the

litigation when the case settled, all requested costs and litigation expenses are approved as reasonable.

**Class Representatives' Enhancement Payments**

The named Plaintiffs request service enhancement awards in addition to their individual settlement payments. Plaintiff Angie Reveles initially sought $5,000, but subsequently increased her request to $10,000.[3] (Supp. Submission of Class Counsel Re: Decl. of Angela Reveles Re: Service Award (doc. no. 73; "Supp. Submission"); Decl. of Angie Reveles in Supp. of Class Action Settlement and Approval of Plaintiffs' Service Enhancements (doc. no. 72, "Reveles Decl.") at 3.) Plaintiff Mary Loeza seeks $15,000. The Settlement Agreement provides for a payment of $15,000 to Loeza and $5,000 to Reveles (¶62.B), and the same was noticed to the class (Class Notice at 2).

Incentive awards such as this "are discretionary and are intended to compensate class representatives for work done on behalf of the class, [and] to make up for financial or reputational risk undertaken in bringing the action . . .." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The amount of the award must be related to the actual service or value the class representative provides to the class. *See id.* at 960.

Although incentive awards are "fairly typical in class actions," *Rodriguez*, 563 F.3d at 958, they "should not become routine practice," lest the representatives be "tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Radcliffe v. Experian Information Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013) (internal quotation marks and citations omitted). The potential conflict between the representative and the class is exacerbated when, as here, there is a large difference between the enhancement award and average individual class member recovery. *See id.* at 1165.

---

[3] Defendant objects to this part of the motion. (Supp. Submission at 1.)

By bringing this action against their former employer, Plaintiffs benefitted the class and exposed themselves to financial and reputational risk in securing new jobs in the same industry. Both Plaintiffs spent a significant amount of time prosecuting this action, including educating counsel, assisting in discovery, including their own depositions, preparation of case materials, including the complaint, briefs and settlement documents, and making themselves available for purposes of mediation. In addition, Reveles located Quintilone and Associates, which led to the fling of this action as a class action. (Reveles Decl. at 5.) Loeza had been employed with Defendant for longer than most class members and had been employed in Defendant's various departments. She was able to provide information and insight into how Defendant's employment policies in the Loss Mitigation Department differed from other departments. (Decl. of Mary Loeza in Supp. of Class Action Settlement and Approval of Attorneys' Fees and Costs and Plaintiffs' Service Enhancements (doc. no. 71-10) at 2.) At all times, the requested enhancement award for Loeza has been higher because her involvement in the prosecution of this action was greater than Reveles'.

Based on the foregoing, the Court agrees that Plaintiffs should receive enhancement awards. However, because the average class member settlement amount is approximately $708, the requested amounts of $15,000 and $10,000, respectively, in addition to each Plaintiff's settlement amount, is excessive. The Court finds that $5,000 and $3,000, respectively, adequately compensate Loeza and Reveles for their time, effort and risk.

Accordingly, Plaintiffs' Motion for Approval of Attorneys' Fees and Costs and Plaintiffs' Service Enhancements in granted in part and denied in part as follows:

1. The request for class counsel's fees, costs and litigation expenses is granted. Class counsel shall recover from the settlement the sum of $285,000 for their fees and $22,018.21 for their costs and litigation expenses.

2. Plaintiffs' request for enhancement awards is granted to the extent that Mary Loeza is awarded $5,000 and Angie Reveles is awarded $3,000 from the settlement.

3. In all other respects, the motion is denied.

**IT IS SO ORDERED.**

Dated: June 27, 2018

_____
Hon. M. James Lorenz
United States District Judge